**Fred FRANKEN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 7452.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 7, 1957.

Decided Oct. 18, 1957.

790

Lawrence R. Bloomenthal, Cleveland, Ohio, and C. Lee Spillers, Wheeling, W. Va. (Thomas A. Goodwin, Wheeling, W. Va., on brief), for appellant.

Albert M. Morgan, U. S. Atty., Morgantown, W. Va., for appellee.

Before PARKER, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

PER CURIAM.

This is an appeal in a criminal case in which appellant was convicted of conspiracy to transport goods in interstate commerce knowing them to have been stolen. Error is claimed with respect to refusal to grant a continuance, with respect to alleged refusal to require counsel for the government to turn over to defense counsel a statement made by a government witness and in denying a motion for a directed verdict.

■■ The granting of a continuance was a matter resting in the sound discretion of the trial judge and we cannot say that there was an abuse of the discretion. Continuance was asked because of the illness of local counsel who had been retained to represent appellant; but appellant, who had been indicted more than a month before the trial, was represented by other counsel, and the partner of the attorney who was ill appeared and conducted the trial in his stead. As the attorney appearing in court was a trial lawyer of ability who had served as United States Attorney of the district, and as it does not appear that there was any failure to secure proofs desired by appellant or that appellant was prejudiced in any other way by the refusal of the continuance, we certainly would not be justified in awarding a new trial on that ground.

■ With respect to the alleged refusal of the court to require the statement of a government witness to the F.B.I. to be furnished to counsel for the defense, it appears that the United States Attorney furnished to defense counsel a copy of the statement of the witness and that defense counsel accepted it and raised no question with regard thereto at the time. This, we think, was sufficient to meet the requirement of the rule announced in the case of Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103.

■ As to the sufficiency of the evidence, the rule is well settled that on a motion for a directed verdict the evidence must be considered in the light most favorable to the government; and, when the evidence here is so considered, there can be no real question as to its sufficiency. The appellant was charged with a conspiracy to purchase steel from the plant manager of a corporation, knowing that it was being stolen from the corporation by the plant manager. There was no question as to the purchase of the steel from the plant manager or as to its being delivered and paid for under highly suspicious circumstances. The whole defense rested upon appellant's denial of guilty knowledge, but this was established by direct evidence of the plant manager, DeArdo, and corroborat-

ing circumstances which pointed unmistakably to appellant's guilt. As said by the trial judge in denying the motion for directed verdict:

"You have the testimony of DeArdo, and the court very distinctly understood him to say, or at least that was the court's impression of his testimony, that they were to split the proceeds from these sales on a fifty-fifty basis, not the commissions but the proceeds from the sales. He has testified that he received from Mr. Franken in cash on various occasions, some of it paid to other parties to be relayed to DeArdo between eight and nine thousand dollars, which would conceivably be many many times a half of the split of reasonable commissions on these sales. Even that would be a circumstance which would tend to charge this man with guilty knowledge in connection with that transaction, if property was being taken out of the plant of the Lorentzen Hardware Manufacturing Company and sold to these steel mills round over the country in a period of time, according to Mr. Brown's testimony as I remember it, when steel was very tight, it was difficult to get that grade of steel. Here's a company who is in the manufacturing business buying steel for its own manufacturing purposes. Only on one occasion, according to the testimony, was any of the steel sold—what we would term rejects; the rest of it was prime steel, and for which Sharon was paying an average of something between five and five and a half cents, or little over five cents a pound—some of it was sold in Chicago for something around seven and a half cents—but in a period when steel was scarce, and taking it out of a manufacturing plant, a plant which would ordinarily not have been selling steel at all, all of those circumstances are circumstances which, in my opinion,

the jury has a right to consider in connection with DeArdo's testimony."

There was no error and the judgment appealed from will be affirmed.

Affirmed.