**UNITED STATES of America,
Appellee,**

v.

**Alfred Hill LISK, Jr., Appellant.
No. 71-1712.**

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 6, 1971.

Decided Jan. 28, 1972.

Stewart C. Economou, Alexandria, Va. (Court-appointed counsel) [Evans & Economou, Alexandria, Va., on brief], for appellant.

Justin W. Williams, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on brief), for appellee.

Before BOREMAN, Senior Circuit Judge, and CRAVEN and FIELD, Circuit Judges.

FIELD, Circuit Judge:

This appeal from a conviction of armed robbery in violation of 18 U.S.C. § 2113(a), (d), presents two primary issues. First, appellant contends that he was denied his right to counsel of his own choice and, second, he charges that certain photographic pretrial identification procedures, as well as a post-indictment lineup, were so impermissibly suggestive that they amounted to a denial of due process of law. Additionally, appellant charges the District Court with error in denying his motion for an evidentiary hearing out of the presence of the jury to determine the constitutionality of these pretrial identification procedures.

With respect to the first issue, our examination of the record convinces us that this contention of the appellant is without merit. It appears that appellant was arraigned on January 18, 1971, and upon a showing that he had no available resources with which to employ an attorney the court appointed counsel for him. Appointed counsel worked diligently in preparing the defense, but on March 22, 1971, only three days prior to

the original trial date, the appointed counsel asked leave to withdraw, advising the Court that appellant had obtained the necessary money to employ counsel and desired to retain an attorney of his own choice. It developed, however, that the attorney selected by appellant would enter an appearance only upon assurances by the Court that a continuance of the trial would be granted. This the Court declined to do. However, the case was later continued for trial until April 23, 1971, and on March 29, 1971, appellant again appeared without counsel and once again indicated an attorney of his choice who would undertake his representation upon the condition that a continuance be granted should counsel deem it necessary. The Court again declined to countenance such a conditional appearance and finally supplied appellant a list of three qualified attorneys from which appellant selected one who entered his appearance of record on April 1, 1971. Upon these facts, we are of the opinion that the Court acted properly in declining to permit appellant to require that the Court arrange its trial calendar to await the convenience of the two attorneys selected by appellant. Indeed, the record fails to indicate that any firm arrangements had been made with respect to the employment of either of these attorneys prior to their conditional offers of representation. The attorney who was ultimately retained by appellant provided him with an able and vigorous defense and under the circumstances we perceive no abuse of discretion by the District Judge. See United States v. Grow, 394 F.2d 182 (4 Cir. 1968).

■ The second issue relative to alleged constitutional infirmities incident to the pretrial photographic identification and the lineup involves the testimony of Sybil Johnson who made an in-court identification of the appellant. Mrs. Johnson was the sole employee of the bank who was present at the time of the robbery and who opened the safe under intimidation by the robber. She had met Lisk some two years prior to the robbery and had no difficulty in recognizing him as the subject of the photographs which were displayed to her shortly after the robbery. However, with commendable caution, she declined to identify Lisk as the robber until she had an opportunity to observe him in person in a disguise similar to that worn by him at the time of the crime. At the lineup Lisk was represented by counsel and Mrs. Johnson had no hesitancy in identifying him on that occasion as the individual who robbed the bank. While counsel for appellant stresses the fact that through an inadvertence Mrs. Johnson had an opportunity to observe Lisk at the lineup before he put on the disguise, under the circumstances of this case we do not view this as posing any substantial issue relative to the validity of the lineup. In any event, in the light of all of the evidence we conclude that the in-court identification of Lisk by Mrs. Johnson was proper and that any infirmities with respect to either the photographic identification or the lineup fall within the area of harmless error. See Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1966); United States v. Cunningham, 423 F.2d 1269 (4 Cir. 1970). We are further of the opinion that in the context of this case the District Judge did not abuse his discretion in denying appellant's motion for an evidentiary hearing out of the presence of the jury with respect to the pretrial identification procedures. See United States v. Cranson et al., 453 F.2d 123 (4 Cir. 1971).

We find no denial of constitutional rights or reversible error and accordingly the judgment of conviction is affirmed.

Affirmed.