**UNITED STATES of America,
Appellee,**

v.

**Richard Thomas PIGFORD alias Thedrick
Pigford, Appellant.**

**No. 72-1067.**

United States Court of Appeals,
Fourth Circuit.

June 13, 1972.

Rivers & Baldwin, Westbury, N. Y., on brief for appellant.

Warren H. Coolidge, U. S. Atty., and Joseph W. Dean, Asst. U. S. Atty., on brief for appellee.

Before BOREMAN, Senior Circuit Judge, and WINTER and RUSSELL, Circuit Judges.

PER CURIAM:

Appellant, Pigford, was arrested in the Eastern District of North Carolina on September 22, 1971, charged with violating 18 U.S.C. §§ 2113(a) and 2113(d). Arraignment and trial were set for October 26, 1971, at which time appellant entered a plea of not guilty and was granted a continuance until November 29, 1971.

Appearing without counsel on November 30, 1971, when the case was called for trial, appellant informed the court that he desired to change counsel, that two witnesses were not present, that his

new counsel, Robert Rivers, an attorney of Westbury, New York, was not able to be present on that day but would be able to try the case at a later date. Appellant moved for a second continuance.

During a discussion which followed the court gained information that appellant, who apparently had been in New York, had ignored several requests of his original counsel between October 26 and November 30, 1971, to come to North Carolina and assist in the preparation of his case for trial, that no witness subpoenas had been issued, that Attorney Rivers might be able to appear by December 2, 1971, but might not be prepared for trial at that time. The court continued the case only until December 1 at which time appellant appeared with his original counsel and counsel informed the court that he was unprepared to try the case since he had not had an opportunity to consult with his client, that he had just been informed of two defense witnesses who had not been subpoenaed, that other possible witnesses for the defense who were not identified by name or location might be produced after further investigation. A request for a further continuance was denied.

A jury was empaneled on December 2, 1971, and immediately thereafter appellant again asked for a continuance in order that he might have an opportunity to secure witnesses. The request was denied although the court postponed the trial until the following day.

At trial on December 3, 1971, appellant was represented by his original counsel and by another attorney who was a former Assistant United States Attorney. Following a guilty verdict on December 4, in a colloquy with the court, counsel admitted that they had interviewed all witnesses named by Pigford except one whose address was unknown, that none of those interviewed had been presented at trial as their testimony was not deemed helpful to the defense.

The sole question raised on this appeal concerns the court's denial of further continuances.

It is true that an accused has a right to counsel of his choice and a right to a reasonable period of time within which to obtain counsel. But it is well established that the denial of a motion for a continuance is a matter which lies within the sound discretion of the court and is not to be overturned in the absence of a showing of abuse of that discretion. Several circuits have held that the trial court did not abuse its discretion by denying a motion, at trial, for a continuance in order to seek new counsel. United States v. Terry, 449 F.2d 727 (5 Cir. 1971); United States ex rel. Baskerville v. Deegan, 428 F.2d 714 (2 Cir. 1970), cert. denied 400 U.S. 928, 91 S.Ct. 193, 27 L.Ed.2d 188; United States v. Grow, 394 F.2d 182 (4 Cir. 1968).

Under the circumstances here, we find no abuse of discretion and the judgments of conviction and sentence will be affirmed.

Affirmed.