**UNITED STATES of America,
Appellee,**

v.

**William Levern INMAN, Appellant.**

**No. 73–1171.**

United States Court of Appeals,
Fourth Circuit.

Argued June 5, 1973.

Decided Aug. 29, 1973.

Dennis R. Knapp, District Judge, dissented and filed opinion.

---

Richard W. Hudgins, Warwick, Va. [Court-appointed], Alvin B. Fox, Newport News, Va. (Hudgins & Neale, Newport News, Va., on brief), for appellant.

James A. Oast, Jr., Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, WINTER, Circuit Judge, and KNAPP, District Judge.

PER CURIAM:

Convicted of aiding and abetting armed robbery of a federally insured bank and sentenced to a term of twenty-five years, defendant appeals. Four grounds of reversal are urged: (1) the district court abused its discretion in denying a motion for continuance for the purpose of changing counsel; (2) the district court erroneously admitted evidence that defendant participated in other crimes; (3) the district court erroneously instructed the jury concerning the presumption which arises from possession of recently stolen property; and (4) the evidence was legally insufficient to establish defendant's guilt.

We find no merit in any of defendant's contentions, and so we affirm the district court's judgment. Only defendant's contention with regard to the motion for continuance warrants further discussion.

I.

Defendant was arrested September 6, 1972 and indicted on October 10. Ten days after indictment, at defendant's request and upon a showing of his indigency, counsel was appointed to represent him. At this time, defendant's trial was set for December 18, 1972.

On December 11, 1972, defendant's mother employed private counsel to represent her son. On the 12th, retained counsel communicated the fact of employment to the district court and suggested the need for a continuance; and on the same day the prosecutor and appointed counsel met with the district judge who informed them that appointed counsel should continue to represent defendant and that no continuance would be granted.

Defendant, on December 14, instructed appointed counsel to resign and, on December 15, this fact was communicated to the district court.

A formal request for a continuance was not made until the morning of trial. Then, retained counsel formally moved for a continuance because (1) he needed time to prepare defendant's defense, and (2) he had another trial before another court scheduled for the same day. The district court denied the motion, stating that retained counsel was welcome to participate in the trial but that the motion could not be granted because jurors and witnesses had already been summoned. The one-day trial went forward and was concluded that day without retained counsel's participation. Appointed counsel was defendant's sole attorney at the trial and principal attorney in this appeal.

II.

The Sixth Amendment right to counsel includes not only an indigent's right to have the government appoint an attorney to represent him, but also the right of any accused, if he can provide counsel for himself by his own resources or through the aid of his family or

friends, to be represented by an attorney of his own choosing. Included also is the right of any defendant to a reasonable opportunity to obtain counsel of his own choosing. Crooker v. California, 357 U.S. 433, 439, 78 S.Ct. 1287, 2 L. Ed.2d 1448 (1958); Powell v. Alabama, 287 U.S. 45, 53, 53 S.Ct. 55, 77 L.Ed. 158 (1932); United States v. Pigford, 461 F.2d 648, 649 (4 Cir. 1972). But the court also has the right to control its own docket to require that cases proceed in an orderly and timely fashion, and to that end to deny motions for continuances. As was said in Ungar v. Sarafite, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed. 2d 921 (1964), where the right to counsel was asserted to conflict with the court's right to proceed with a trial:

> The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel . . . . Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality . . . . There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.

Id., p. 589, 84 S.Ct. p. 849.

## III.

■■ Here, we find no abuse of discretion, even though we conclude that the outermost reach of discretion was exercised. Retained counsel's assigned reasons for a continuance were valid. An attorney needs a reasonable time to prepare a case for trial, and an attorney cannot try two cases in two courts simultaneously. But retained counsel's appearance in the case occurred late, after the case had been set for approximately two months and when the trial was about to begin, although there is no basis on which even to suspect that lateness was intentional on the part of counsel. The fact that jurors and witnesses had been summoned was another factor militating against the grant of a continuance.[1]

■ The district court's right to control its own docket and to exact adherence to a reasonable schedule which it prescribed imposes upon a party, or his counsel, who would disrupt it an obligation to make a full disclosure of the reasons why a continuance is sought. Here, the record is devoid of any mitigating explanation of why retained counsel's appearance was late. There is no suggestion that defendant's family was unaware of his plight or that defendant's family lacked the financial resources to engage counsel for him earlier. Nor is there a claim of any dissatisfaction by defendant with the services of his appointed counsel.[2] See United States v. Grow, 394 F.2d 182, 209 (4 Cir. 1968), cert. denied, 393 U.S. 840, 89 S.Ct. 118, 21 L.Ed.2d 111 (1968).

1. The prosecutor's brief suggests that the district court had in mind also Rule 50(b), F.R.Crim.P., the purpose of which is to provide defendants in criminal cases with a speedy trial. The policy embodied in Rule 50(b) is another factor to be considered in the exercise of discretion as to whether to grant a continuance in a criminal case. But, it is at once obvious that the policy is neither inflexible nor is it the sole consideration if there are present other factors indicating the necessity for a continuance.

2. Although it has no bearing on whether the district court abused its discretion in denying the continuance, our examination of the record persuades us that, despite defendant's conviction and our conclusion that the errors asserted on appeal lack merit, defendant received thoroughly competent and professional representation from his appointed counsel.

Considering all factors, we therefore cannot conclude that the district court's discretion was exceeded. United States v. Pigford, supra.

Affirmed.

DENNIS R. KNAPP, District Judge (dissenting):

With deference to the distinguished jurists who concur in the majority opinion in this case, I must respectfully dissent.

I would reverse only on the issue that the trial court abused its discretion in refusing to grant defendant a continuance in order to permit his retained counsel to be present at the trial. It is well established that the matter of a continuance is in the sound discretion of the trial court and that the exercise thereof should not be disturbed on appeal except in case of clear abuse of same. United States v. Pigford, 4 Cir., 461 F.2d 648.

Upon the facts here, I am compelled in good conscience to conclude that the trial court committed an abuse of discretion in its refusal to give counsel, retained by the parents of an indigent a week prior to the trial date, enough time to honor a prior commitment so that he might represent the defendant.

It is to be noted that defendant was accused of a serious offense carrying a severe penalty. Recognition of this, and the love borne by the parents for their son, no doubt spurred on the parents to procure, although belatedly, the sum of money necessary for employment of a lawyer of their choosing. That attorney was retained and the defendant clearly expressed his desire to have his services.

While it is true, as the majority points out, that no formal motion was presented to the court until the day of trial, I submit that the court made it clear that no such motion would be granted. I am constrained to assert most forcefully that no such technical application of the law should deprive any man, accused of a serious crime and presumed to be innocent, of any right guaranteed by the Fifth Amendment. We should not permit a right so fundamental to the whole concept of due process to be so limited. Counsel was not retained until December 11. On December 12, six days before the trial date, new counsel informed the trial judge of his problems and requested additional time. His request was summarily rejected. A later informal request by counsel in the presence of the U. S. Attorney was also refused in unequivocal language by the court.

The Government could not have been prejudiced, and possibly the defendant was not. And in this connection, I do not question the competency of defendant's appointed counsel or the motives or integrity of the trial judge. But since there was absent a compelling reason for trial on that day, which was less than sixty (60) days from indictment, the denial of a continuance under the circumstances here offends a basis right inherent in the Sixth Amendment that one accused of crime have counsel of his own choosing represent him when such is possible; and I therefore believe defendant was denied due process of law.

I am in agreement with the premise of the majority that stability and uniformity in the application of the law requires within reason resort to "stare decisis." However, I cannot agree that *Pigford* is controlling under the facts of the instant case. I believe sincerely it is distinguishable on the facts. In applying the above principle in criminal cases, it is essential to the preservation of basic constitutional guarantees that we do so guardedly.

Any doubt as to the consistency of the facts or in their interpretation in these cases should be resolved by the court in favor of the defendant.

In the instant case, I submit that any such doubt should be resolved in favor of the accused. I believe it to be sufficient to require reversal. Accordingly, I would reverse.