UNITED STATES of America, Appellee,

v.

Jeris E. BRAGAN, Appellant.

No. 73-2066.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 6, 1974.

Decided July 16, 1974.

Philip J. Hirschkop, Alexandria, Va. [court-appointed counsel], for appellant.

Justin W. Williams, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., for the E. D. Va., on brief), for appellee.

Before WINTER, BUTZNER and WIDENER, Circuit Judges.

BUTZNER, Circuit Judge:

Jeris E. Bragan, a private detective, appeals from his conviction of violating provisions of the Omnibus Crime Control Act pertaining to wiretapping and wiretap devices, 18 U.S.C. §§ 2511 and 2512.[1] His principal assignment of error deals with the district court's denial of a continuance which he sought for the purpose of substituting counsel. The court's ruling, he asserts, deprived him of his right to obtain counsel of his choice. Finding neither abuse of the trial court's discretion nor infringement of the sixth amendment, we affirm.

Bragan was arrested on February 15, 1973, and his preliminary hearing was conducted on March 7. He was indicted on March 14 for intercepting and disclosing, and trying to intercept, telephone conversations of persons he was investigating, and for manufacturing, possessing, and transporting wiretap devices. At his arraignment on March 19, the court designated April 7 as the cutoff date for pretrial motions and scheduled a hearing on the motions for April 20. Trial by jury was scheduled for May 14. Throughout all of the preliminary proceedings and at the trial, Bragan was represented by able, experienced counsel whom he had retained shortly after his arrest.

On April 13, Bragan's counsel moved for a continuance so that new counsel could be substituted for the defense. Four days later, the prospective counsel renewed the motion, explaining that Bragan wished to employ him because of his experience in the law pertaining to wiretapping, but that he could not participate in a trial on May 14 due to a previous commitment for a hearing in another court on the same day.

The district judge declined to continue the trial. However, he expressed the belief that the principal legal issues involving the wiretapping charges could be considered at the hearing on pretrial motions. Accordingly, he reopened the cutoff date for filing the motions and continued the pretrial hearing from April 20 to May 4. This permitted Bragan's new counsel to file a number of motions and participate as co-counsel in the proceedings on May 4. The principal legal issues pertaining to co-counsel's field of expertise were argued by the co-counsel at the rescheduled pretrial hearing and they now provide the basis for most of Bragan's assignments of error. At the trial, conducted as scheduled on May 14, Bragan was represented only by his originally retained attorney. However, the government used no evidence of wiretaps or other electronic devices that had not been the subject of the previous pretrial hearing.

■■ The recent emphasis on quickening the pace of criminal proceedings, exemplified by Rule 50(b) of the Federal Rules of Criminal Procedure,[2] has created tension between the rule's policy of eliminating undue delay and the occasional attempts of both prosecutors and defendants to seek additional time between arraignment and trial. Although the rule does not freely countenance pleas for delay, it permits the trial judge to retain sufficient flexibility over his docket to assure proper disposition of justifiable motions for continuance. Consequently, the rule does not deprive the judge of the discretion that he has traditionally exercised in considering a request for a continuance. Review of his ruling, therefore, must take into consideration all of the circumstances, particu-

---

1. Title 18 U.S.C. §§ 2511 and 2512 prohibit the interception and disclosure of wire or oral communications and the manufacture and possession of intercepting devices.

2. Fed.R.Crim.P. 50(b) provides in part: "To minimize undue delay and to further the prompt disposition of criminal cases, each district court . . . shall prepare a plan . . . which shall include rules relating to the time limits within which procedures prior to trial, the trial itself, and sentencing must take place . . . ." The plan for the Eastern District of Virginia prescribes a limit of 120 days from arraignment to trial, which, however, is subject to extension for good cause. Plan for Processing and Disposing of Criminal Cases, III(b) and IV (E.D.Va.1973).

larly those which were presented when the motion was argued. When these circumstances raise an issue about the defendant's right to counsel, the trial court must exercise its discretion, and the reviewing court must test its ruling, by the precepts of the sixth amendment.[3] Ungar v. Sarafite, 376 U.S. 575, 589, 84 S. Ct. 841, 11 L.Ed.2d 921 (1964); Franken v. United States, 248 F.2d 789 (4th Cir. 1957) (by implication).

United States v. Inman, 483 F.2d 738 (4th Cir. 1973), contains our most recent review of the principles governing continuances to enable a defendant to obtain representation by counsel of his choice. We found in that case no abuse of discretion in the court's denial of a continuance because the motion was made without mitigating explanation for its delay on the morning of trial, although the trial date had been set approximately two months earlier. Furthermore, the record disclosed that the defendant had received competent representation from his appointed counsel. But even so, we cautioned that the case presented an instance when "the outermost reach of discretion was exercised." 483 F.2d at 740. Almost concurrently, we found error in the refusal of a continuance and the consequent denial of the right to counsel in United States v. Fisher, 477 F.2d 300 (4th Cir. 1973). There, because of confusion that arose through no fault of the defendant, his lawyers were unprepared. Despite knowledge of this fact, the court denied a motion for a continuance on the morning of trial. We reversed *Fisher* because the circumstances and the record of the trial established that the court's insistence on proceeding with the scheduled trial had deprived the defendant of effective representation.

■ *Inman* and *Fisher*, read together, underscore the care with which a trial court must exercise its discretion when it rules on a continuance that will affect the representation that a defendant receives. They teach that the sixth amendment's provision for the right to counsel embraces the right to an attorney of the defendant's choice and a reasonable opportunity to obtain this representation. Powell v. Alabama, 287 U.S. 45, 53, 53 S. Ct. 55, 77 L.Ed. 158 (1932). Implicit, also, is the right to effective representation. Stokes v. Peyton, 437 F.2d 131, 136 (4th Cir. 1970). *Inman* cautions and *Fisher* illustrates that "a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality."[4] But the Constitution does not afford an accused, who has ample time to obtain counsel, the "unbridled right" to insist that his trial be held in abeyance while he replaces one competent attorney with another. United States v. Grow, 394 F.2d 182, 209 (4th Cir.), cert. denied, 393 U.S. 840, 89 S.Ct. 118, 21 L.Ed.2d 111 (1968).

■ Applying these principles, we conclude that the trial judge's discretion was tempered by proper consideration of Bragan's sixth amendment rights. Dates for the filing and hearing of motions and for trial were selected to provide for the orderly progress of the case, and the nearly 60 days that intervened between arraignment and trial allowed ample time for thorough preparation. The court's rearrangement of the pretrial schedule and its continuance of the hearing on the pretrial motions afforded Bragan's new co-counsel an adequate opportunity to raise defenses peculiar to his field of expertise.

The trial lawyer who represented Bragan throughout the case is recognized as an experienced, able practitioner of criminal law. Promptly after he was retained, and even before the grand jury returned the indictment, he conferred extensively with the United States Attorney's assistants for the purpose of informal discovery. He heard tapes impli-

---

3. The sixth amendment provides in part: "In all criminal prosecutions, 'the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."

4. The quotation is from Mr. Justice White's opinion for the Court in Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L. Ed.2d 921 (1964).

cating Bragan which the government had obtained through the cooperation of Bragan's erstwhile accomplices, and he obtained an outline of the government's theory of the prosecution. He participated in the pretrial hearing in which Bragan's co-counsel also appeared. There is no indication that he was ignorant of the facts or the law, and his conduct of the trial cannot be faulted. It is apparent that Bragan was effectively represented by competent counsel throughout the proceedings.

Bragan's motion for a continuance was made a month before the date scheduled for trial. His request was grounded on reasons which dispelled any inference that he sought an unjustifiable delay. Therefore, it merited the careful consideration of the district court. Had the court denied the motion out of hand, it is unlikely that Bragan would have had an opportunity to present his complex defenses properly. This, of course, would have raised a serious question about the propriety of the court's ruling. However, by reopening the cutoff date for motions and continuing the pretrial hearing for an appropriate interval, the court afforded Bragan the right to be represented at a critical time by a co-counsel whose expertise he valued. On the other hand, since Bragan had able, experienced trial counsel, the presence of his co-counsel at the trial was not indispensable. We find, therefore, no error in the court's denial of Bragan's motion to continue the trial.

■ Bragan's other assignments of error require only brief comment. The district court did not err in denying his motion for separate trials for each of two wiretaps. Bragan can show no prejudice in the joinder of these offenses because all the evidence admissible in the joint trial would have been admissible in separate trials had the court severed the offenses. Federal Rules of Criminal Procedure 8(a) and 14; United States v. Simon, 453 F.2d 111, 113 (8th Cir. 1971); ABA Standards Relating to Joinder and Severance §§ 1.1, 2.2 (App. Draft 1968).

■ The government relied in part on transcripts and tapes of Bragan's conversations with his former accomplices. This evidence was admissible because it was obtained with the consent of a participant. 18 U.S.C. § 2511(2)(c). United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971); ABA Standards Relating to Electronic Surveillance § 4.1 (App. Draft 1971). The record discloses that the government neither obtained nor used evidence, or the fruits of evidence, in violation of Title III, Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 et seq. Consequently, the type of hearing required in Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969), was unnecessary. Taglianetti v. United States, 394 U.S. 316, 89 S.Ct. 1099, 22 L.Ed.2d 302 (1969); United States v. Hauff, 473 F.2d 1350, 1355 (7th Cir.), cert. denied, 412 U.S. 907, 93 S.Ct. 2299, 36 L.Ed.2d 972 (1973).

■■ Because Bragan's victims consented to the introduction into evidence of their wiretapped conversation, the exclusionary rule of 18 U.S.C. § 2515 [5] did not render inadmissible the wiretaps Bragan made in violation of 18 U.S.C. § 2511. It is the victims' consent that distinguishes this case from the ruling of the court of appeals reversing United States v. Liddy, 354 F.Supp. 217 (D.D.C.), rev'd, 155 U.S.App.D.C. 382, 478 F.2d 586 (1973). In any event, Bragan lacks standing to suppress the contents of his illegal wiretaps because he is not an aggrieved person within the meaning of 18 U.S.C. §§ 2510(11) and 2518(10)(a).[6]

The judgment is affirmed.

5. Title 18 U.S.C. § 2515 excludes from evidence the contents of an illegal wiretap and its fruits.

6. Title 18 U.S.C. § 2510(11) defines an aggrieved person as "a party to any intercepted wire or oral communication or a person against whom the interception was directed."

Title 18 U.S.C. § 2518(10)(a) empowers an aggrieved person to move for the suppression of the contents of an illegal wiretap.

WINTER, Circuit Judge (dissenting):

I think that my brothers are persuasive that defendant received effective assistance of counsel. But the fact remains that he was not permitted to have counsel of his choice, and on that ground I would reverse.

In United States v. Inman, 483 F.2d 738, 739–740 (4 Cir. 1973), we said explicitly "[t]he Sixth Amendment right to counsel includes . . . the right of any accused, if he can provide counsel for himself . . . *to be represented by an attorney of his own choosing.*" (Emphasis added.) This is the law of this circuit unless *Inman* is now being overruled.

In the instant case, promptly after defendant was arraigned and his trial scheduled for a date approximately 60 days thereafter, defendant employed counsel having, in his view, special expertise in defense of the crime with which defendant was charged. Although the district court adjusted its schedule to permit this new attorney to participate in pretrial motions which would generate rulings having a controlling effect on the trial of the case, it declined a continuance to permit this attorney, who had a previous trial commitment, to participate in the trial of the case. In oral argument, we were told that a continuance of a few days would have been all that was required to permit defendant to be tried, represented by the lawyer of his choice.

There is no warrant in this record for saying that defendant's desire to be represented by the lawyer who was excluded was confined to representation on pretrial motions. Defendant asserts, and the record supports him, that he wanted this lawyer *for trial.* There is no basis on which to conclude that defendant's request to substitution of counsel was made in bad faith for purposes of delay. There is no basis on which to say that defendant's request to substitution of counsel was belated. If either of the latter, we could well conclude that defendant had forfeited or waived his right to counsel of his choosing. United States v. Grow,

394 F.2d 182 (4 Cir.), cert. den., 393 U.S. 840, 89 S.Ct. 118, 21 L.Ed.2d 111 (1968); United States v. Lisk, 454 F.2d 205 (4 Cir. 1972); United States v. Pigford, 461 F.2d 648 (4 Cir. 1972).

I do not question that defendant received competent representation at trial by his original attorney whom he was forced to retain. But effectiveness of substitute counsel is not a relevant consideration when he is not counsel of choice. Davis v. State, 292 Ala. 210, 291 So.2d 346 (1974).

Under *Inman*, effectiveness of representation is not enough. *Inman* requires reversal because defendant was not represented by the lawyer of his choice, even though defendant could have provided that representation for himself, and there was absent any valid reason to deny him the right to choose.