**UNITED STATES of America**

v.

**David Jude ZIELINSKI.**

**Crim. No. 81–00055–01.**

United States District Court,
M. D. Pennsylvania.

Aug. 10, 1981.

As Amended Aug. 14, 1981.

Albert R. Murray, Jr., Asst. U. S. Atty., Scranton, Pa., for United States of America.

H. Richard Agler, Milton, Pa., for David Jude Zielinski.

OPINION

MUIR, District Judge.

On August 3, 1981, the Defendant filed a motion for dismissal of the charges against him as provided by 18 U.S.C. § 3162(a)(2) for failure of the Government to comply with the provisions of the Speedy Trial Act, 18 U.S.C. § 3161 et seq. (Supp.1981). The Government opposed the motion by a brief filed August 4, 1981. In support of his motion, the Defendant points to the fact that both he and the Government have calculated that the date upon which his trial should have commenced in order to be in compliance with 18 U.S.C. § 3161, was July 29, 1981. A jury was selected to hear Zielinski's case on August 4, 1981. Accordingly, trial of Zielinski has commenced five days later than the date on which both the Government and Zielinski calculate it should have commenced.

Originally, jury selection in the above-captioned matter was scheduled for June 2, 1981, at which time the Defendant failed to appear. A bench warrant was issued for the Defendant's arrest and, on July 7, 1981, the U.S. Marshal's Office for the Northern District of Texas advised the United States Marshal's Office for the Middle District of Pennsylvania that the Defendant had been taken into federal custody. On July 22,

1981, the Defendant arrived at the United States Penitentiary at Lewisburg, Pennsylvania. The Government filed a motion on July 23, 1981 to have the jury selected on July 29, 1981 or, in the alternative, to exclude the 15 days which it had taken the United States Marshal's Service to transport Zielinski back into this District. The motion was denied with respect to the request for jury selection for July 29, 1981 and denied with respect to the request to exclude the entire 15 days used to transport the prisoner. The motion was granted to the extent that the 10 days presumed reasonable under 18 U.S.C. § 3161(h)(1)(H) were excluded from computation of the time in which the Government should be required to bring the Defendant to trial under the Speedy Trial Act.

The Government's motion for jury selection to be held on July 29, 1981 was denied primarily because of the public interest in not spending close to $3,000.00 in order to draw the jury at a specially appointed day. Jury selection for cases to be tried during August 1981 was already scheduled for August 4, 1981.

Although this Court did not find it advisable to grant the Government's motion to exclude the entire 15 days required by the Government to transport the Defendant into this district, the Court is of the view that there has been and can be no prejudice to the Defendant as a result of the six-day delay occasioned by the Court's refusal to conduct jury selection on July 29, 1981; Defendant himself is unable to suggest any such prejudice. *See United States v. Bey*, 499 F.2d 194, 203 (3d Cir. 1974). The Defendant does, however, point to the requirements of 18 U.S.C. § 3162(a)(1) in support of his motion for dismissal of the indictment with prejudice. That section provides that the Court shall consider such factors as the seriousness of the offense, facts and circumstances of the case which have led to the proposed dismissal, the impact of a reprosecution on the administration of the Speedy Trial Act and justice in ruling upon a Defendant's motion to dismiss the indictment. *United States v. Carreon*, 626 F.2d 528, 532–34 (7th Cir. 1980). With these factors in mind, the Defendant argues that the crimes with which he is charged are of less seriousness than they otherwise might be because no violence or conspiracy was involved and that a dismissal with prejudice would not have the effect of releasing a dangerous person into society. As to the facts and circumstances of the case which lead to the requested dismissal, the Defendant argues that although the prosecution has been constantly aware of the time constraints of this matter, it took no steps to avoid the present situation. Finally, the Defendant argues that the impact of a reprosecution in the instant case would cause the Speedy Trial Act to lose its effect of requiring a prompt and speedy trial.

Notwithstanding the intent and provisions of the Speedy Trial Act, this Court is not convinced that the Act provides a reward to Defendants, by virtue of automatic dismissals, in cases such as the instant one. The Speedy Trial Act itself contemplates that the 70-day goal will not or cannot be met in all situations. It is the purpose of the Act to guarantee that criminal Defendants are afforded trials without undue delay; the provisions of the Act were not intended to create a substantive defense to charges contained in the indictment. *See United States v. Bullock*, 551 F.2d 1377 (5th Cir. 1977). Section (h)(8)(A) of 18 U.S.C. § 3161 provides that any period of delay resulting from a continuance granted by any judge on his own motion shall be made on the basis of the judge's findings that the ends of justice served by taking such action outweigh the best interests of the public and the Defendant in a speedy trial. On its own motion, the Court will exclude the period of time between July 29, 1981 and August 4, 1981, jury selection having been accomplished on the latter date.

In reaching the conclusion to exclude the time between the two dates, the Court has considered the possibility of prejudice to the Defendant, the service of the ends of justice, and the intent of the Speedy Trial Act. If any hint of prejudice to the Defendant were evident in this matter, the Court would not hesitate to find such prejudice to

outweigh the public interest in drawing the jury to hear this matter six days beyond the date set by the terms of the Act. However, the jury selection in this matter was scheduled originally for June 2, 1981, at which time the Defendant failed to appear. Although the Defendant did not appear, the Government, the Court, and Defendant's counsel were all in attendance, as was a jury panel from which the Defendant's jury might have been selected. Had he not levanted, his trial would have commenced July 2, 1981. Part (h)(3)(A) of 18 U.S.C. § 3161 allows the exclusion of any period of delay resulting from the absence or unavailability of the Defendant and the Court finds it extremely reasonable to construe the short delay in these proceedings since the Defendant was returned to this District as attributable and chargeable under 18 U.S.C. § 3161(h)(3)(A) to the defendant. *See United States v. Bey*, 499 F.2d 194 (3d Cir. 1974); *United States v. Cartano*, 420 F.2d 362, 364 (1st Cir.), *cert. denied*, 397 U.S. 1054, 90 S.Ct. 1398, 25 L.Ed.2d 671 (1970). Moreover, against this backdrop, the Court could not determine that a specially convened jury drawing scheduled for July 29, 1981 at the public expense of close to $3,000.00 was in the interests of the administration or ends of justice. Such a delay is not the result of a crowded court calendar, 18 U.S.C. § 3161(h)(8)(C), or other circumstance over which the Court has no control; rather, in this instance the Court has used the power within its discretion to control its own docket in order to insure that cases before it proceed in an orderly and timely fashion. *See United States v. Correia*, 531 F.2d 1095 (1st Cir. 1976); *United States v. Inman*, 483 F.2d 738 (4th Cir. 1973).

This Court's decision to exclude the six days between July 29, 1981 and August 4, 1981 from computation of the time in which the Government must bring Zielinski to trial, the Court feels, is also consistent with the Government's actions in this case. Although the Government delayed in returning Zielinski to this district, the Assistant United States Attorney prosecuting the case moved promptly for jury selection to be held in order that the time under the Speedy Trial Act not expire before jury selection could be initiated, and has otherwise throughout this case acted in conformity with the intent of the Speedy Trial Act.

For all of the reasons discussed above, the Court will, on its own motion, exclude the time between July 29, 1981 and August 4, 1981 from the computation of time in which the Defendant must be tried for purposes of the Speedy Trial Act.

An appropriate order will be entered.