## COMMONWEALTH vs. DANIEL DUNNE.

Middlesex. November 7, 1984. — February 7, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Practice, Criminal,* Continuance. *Constitutional Law,* Assistance of counsel. *Evidence,* Hospital record. *Assault with Intent to Commit Rape.*

No abuse of discretion appeared in the denial of a criminal defendant's motion for a continuance for the purpose of making a change of counsel, where the motion was presented the day empanelment of a jury was scheduled to begin and where the defendant raised no question as to the competence or state of preparation of his appointed attorney and alleged no irreconcilable breakdown of communication with him. [12-16]

At the trial of an indictment charging assault on a child under the age of sixteen with intent to commit rape there was no error in the exclusion of a portion of a hospital record offered in evidence by the defendant and consisting of notes taken during a psychological interview with the victim and her mother, where the defendant did not demonstrate either that the proffered evidence related to "treatment and medical history" under G. L. c. 233, § 79, or that, to the extent the material contained information attributable to the mother, it was supported by guarantees of trustworthiness sufficient under *Bouchie* v. *Murray,* 376 Mass. 524, 531 (1978). [16-17]

In a prosecution under G. L. c. 235, § 24B, for assault on a child under the age of sixteen with intent to commit rape, it was irrelevant whether the defendant was aware of the victim's age. [18-20]

INDICTMENT found and returned in the Superior Court Department on June 16, 1982.

The case was tried before *John P. Forte,* J., sitting under statutory authority.

The Supreme Judicial Court granted a request for direct appellate review.

*Richard Zorza* for the defendant.

*Susan S. Beck,* Assistant District Attorney, for the Commonwealth.

LYNCH, J. The defendant was convicted by a jury of assault on a child under sixteen with intent to commit a rape, G. L.

c. 265, § 24B, on an indictment charging rape of a child under sixteen years of age (G. L. c. 265, § 23). The defendant appealed his conviction, and we allowed his application for direct appellate review.

The defendant argues that three errors of law warrant the reversal of his conviction. First, he contends that the refusal of the motion judge to allow a continuance to enable him to retain private counsel violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution to be represented by counsel of his choice. Second, the defendant claims prejudicial error in the exclusion of certain hospital records concerning the psychological evaluation of the victim after the incident. Third, the defendant argues that conviction of assault with intent to commit statutory rape requires proof of his knowledge of the victim's age, an element not charged in the indictment or proven at trial. We affirm the judgment.

There was sufficient evidence from which the jury could have found the following facts. The victim was approximately fifteen years and four months old on April 19, 1982. That evening, she met several friends at Prospect Hill Park in Somerville. Sometime later, the victim and one friend met the defendant at Perry Park.[1] The victim accepted the defendant's invitation to accompany him to a place where drugs could be purchased. While traveling down some railroad tracks in a nonresidential area of the city, the defendant pulled the victim off the railroad tracks and forced her to the ground, where he forcibly removed her clothing below the waist and attempted to have sexual intercourse with her. The defendant admitted to consensual sexual activity, but denied having intercourse with the victim.

After returning to a friend's house, the victim reported to police that she had been raped. The victim was then taken by police to Cambridge Hospital (hospital) where she was examined by a doctor. The doctor found abrasions and dried blood on the victim's labia. The physical examination of the victim revealed no evidence of semen in her vagina. Clothing tests, however, showed evidence of seminal fluid in the crotch of the victim's pants and on the defendant's underwear. Later,

---

[1] On April 19, 1982, the defendant was twenty-three or twenty-four years old.

she and her mother were referred to a hospital psychiatrist or social worker for a psychological interview.[2]

The defendant was arrested on the night the incident took place. On June 16, 1982, a grand jury returned an indictment charging the defendant with statutory rape under G. L. c. 265, § 23.[3] The defendant was found to be indigent and counsel was appointed for him on July 1. On July 21, the defendant's case was scheduled for trial on September 28, 1982, but it was continued three or four times.[4] On November 18, the Commonwealth and defense counsel answered ready for trial, which was then scheduled for the following Monday, November 22.

1. *Continuance*. On the morning of November 22, the day that empanelment was to commence, the defendant's appointed counsel, Mr. Krashin, received a telephone call from a private attorney, Mr. Atkins, informing him that the defendant's family was interested in retaining Mr. Atkins as private counsel. Mr. Krashin requested the trial judge's permission to withdraw and sought a one-month continuance to provide Mr. Atkins with time to prepare the case. Mr. Krashin informed the trial judge that the defendant's family wanted to retain private counsel, but could not do so until the defendant's bail was revoked and the bail money returned to them. Mr. Atkins had not filed an appearance and initially was not present in court. The trial judge referred the matter to the motion judge who had heard the defendant's earlier request for new counsel.[5]

Both attorneys appeared before the motion judge. Mr. Atkins indicated that he had not yet been retained by the defendant, and

[2] The record establishes neither the identity of the person conducting the interview nor that person's professional qualifications.

[3] General Laws c. 265, § 23, as amended by St. 1974, c. 474, § 3, states: "Whoever unlawfully has sexual intercourse or unnatural sexual intercourse, and abuses a child under sixteen years of age shall . . . be punished . . . ."

[4] The record does not indicate at whose request the continuances were made.

[5] On November 5, 1982, the defendant had appeared before the motion judge and requested that new counsel be appointed for him. Apparently the defendant had no objection to continued representation by his originally appointed counsel, but wanted a "second opinion."

that he was not yet ready to enter an appearance on the defendant's behalf.[6] The Commonwealth opposed the continuance, since the prosecutor handling the case would have been unavailable on the new trial date. The prosecutor stated that he had established a "rapport" with the victim, and contended that the request for substitution of counsel "had more to do with the strength of the case than anything else." Nevertheless, the prosecutor expressed his willingness to agree to a shorter continuance and to provide Mr. Atkins immediately with all the discovery the prosecutor had at the time, as well as the substance of the prosecution witnesses' testimony.

Finding that Mr. Krashin was "fully prepared" and noting the lateness of the defendant's request, the motion judge refused Mr. Krashin's request to withdraw.[7] However, the motion judge invited Mr. Atkins to act as cocounsel, if he and the defendant's family so desired. The trial judge subsequently revoked the defendant's bail so that the bail money would be available to the family. Neither Mr. Atkins nor other private counsel was retained by the family to act as cocounsel.

The defendant argues that the motion judge's refusal to allow Mr. Krashin to withdraw and to grant a continuance enabling Mr. Atkins to appear as substitute counsel violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution to employ counsel of his own choice. We disagree, and decide that the motion judge acted within his discretion in denying these requests.

As a general rule, "a defendant should be afforded a fair opportunity to secure counsel of his own choice." *Powell* v. *Alabama*, 287 U.S. 45, 53 (1932). *Commonwealth* v. *Scott*, 360 Mass. 695, 701 (1971). This right, however, "is not abso-

---

[6] He stated that the defendant's mother "has a receipt for the twenty five [hundred] dollars bail, which she is hopefully going to get you to revoke, and then *when I have made my peace with them regarding my fee*, I would file an appearance and ask for a month's continuance" (emphasis added).

[7] The motion judge stated: "This is awfully late. This is the moment of impanelment. [The clerk] is here ready to pull down some jurors. I would suggest it's too late." Similarly, the trial judge stated that he "[looked] upon this as a dilatory action."

lute, and may, in some circumstances, be subordinate to the proper administration of justice." *Commonwealth* v. *Connor*, 381 Mass. 500, 503 (1980). See, e.g., *Linton* v. *Perini*, 656 F.2d 207, 211 (6th Cir. 1981), cert. denied, 454 U.S. 1162 (1982); *United States* v. *Burton*, 584 F.2d 485, 488-489 (D.C. Cir. 1978), cert. denied, 439 U.S. 1069 (1979); *Maynard* v. *Meachum*, 545 F.2d 273, 278 (1st Cir. 1976). When the defendant seeks a continuance to substitute counsel at or near the time of trial, the judge must balance the defendant's right to choose his counsel with the interests of the court, the public, the victim, and the witnesses. *Commonwealth* v. *Scott, supra* at 699-701. *Commonwealth* v. *Gilchrest*, 364 Mass. 272, 276-277 (1973). There is no easy, mechanical test that the judge can apply in balancing these interests. *Commonwealth* v. *Cavanaugh*, 371 Mass. 46, 51 (1976). *Ungar* v. *Sarafite*, 376 U.S. 575, 589 (1964). Nor is there an all-inclusive list of factors for the judge to consider.[8] Instead, the judge must blend "an appreciation of the inevitable difficulties of trial administration with a concern for constitutional protections." *United States* v. *Poulack*, 556 F.2d 83, 86 (1st Cir.), cert. denied, 434 U.S. 986 (1977). For these reasons, it is within the judge's discretion to determine whether, in the particular circumstances presented by each case, a continuance for change in counsel is warranted. *Lamoureux* v. *Commonwealth*, 353 Mass. 556, 560 (1968). *Avery* v. *Alabama*, 308 U.S. 444, 446 (1940).

In this case, the defendant's request was made on the day that empanelment was scheduled to commence. This court has repeatedly stated that "a defendant's freedom to change his counsel is restricted on the commencement of trial." *Commonwealth* v. *Miskel*, 364 Mass. 783, 791 (1974) (during jury empanelment). See *Commonwealth* v. *Diatchenko*, 387 Mass. 718, 727 (1982) (during jury empanelment); *Commonwealth* v. *Scott, supra* at 698 (day of trial); *Lamoureux* v. *Commonwealth, supra* (second day of trial). The defendant has alleged

---

[8] The defendant's justifications actually presented to the judge at the time of the request are, of course, particularly important. *Ungar* v. *Sarafite, supra* at 589.

no irreconcilable breakdown in communications with Mr. Krashin. See *Commonwealth* v. *Miskel, supra* at 790. No question was raised as to the experience, skill, or competence of Mr. Krashin, or to the manner in which he represented the defendant. See *Commonwealth* v. *Scott, supra* at 699. There was no showing that Mr. Krashin was unprepared to try the case or that the defendant would suffer prejudice by going to trial as scheduled. See *Lindsey* v. *Commonwealth*, 331 Mass. 1, 4 (1954). The defendant had ample time (five months) to retain private counsel before the day of trial, and his failure to do so was the result of his own lack of diligence rather than of any error by the motion judge.[9] See *Commonwealth* v. *Bettencourt*, 361 Mass. 515, 517 (1972) (one month was adequate time to retain counsel); *United States* v. *Carroll*, 510 F.2d 507, 510-511 (2d Cir. 1975), cert. denied, 426 U.S. 923 (1976) (six months was "generous" time to retain counsel); *United States* v. *Bragan*, 499 F.2d 1376, 1379 (4th Cir. 1974) (two months sufficient). While the Commonwealth demonstrated some prejudice to its case as well as inconvenience to the victim and witnesses, "[t]he defendant was asking for a change in counsel without stating any reasons therefor apart from claiming the right to counsel of his choice." *Commonwealth* v. *Scott, supra* at 699. In sum, the defendant has made no showing that the reliability of the trial process or the integrity of the adversary system was undermined. See *United States* v. *Cronic*, 466 U.S. 648, 657-666 (1984); *Strickland* v. *Washington*, 466 U.S. 668, 691-695 (1984).

We agree with the reasoning expressed in *United States* v. *Bragan, supra*, that "the Constitution does not afford an accused, who has ample time to obtain counsel, the 'unbridled right' to insist that his trial be held in abeyance while he replaces one competent attorney with another." *Id.* at 1379. In these circumstances, therefore, we hold that the defendant

---

[9] Mr. Krashin told the trial judge: "I tried to tell my client, two weeks ago, if he wanted to get money for the attorney, he would have to have the bail revoked. Unfortunately, our clients don't always understand the proper procedure. So they haven't been able to get the cash."

has shown no abuse of discretion in the denial of his request for a continuance to engage new counsel.

2. *Hospital record*. At trial, the Commonwealth introduced in evidence, without objection, a portion of the victim's hospital record, identifying the physical tests performed by the hospital, their results, and the extent of the victim's injuries. The defendant sought to have admitted the remainder of the hospital record, which consisted of written notes taken during a psychological interview with the victim and her mother.[10] The judge excluded this portion of the hospital record. He found that either the psychotherapist-patient privilege, G. L. c. 233, § 20B, or social worker-client privilege, G. L. c. 112, § 135, as amended, St. 1981, c. 91, § 1, applied,[11] and that in any event the evidence was not exculpatory. The defendant objected to the exclusion, and claims that the evidence was exculpatory and that the Commonwealth failed to sustain its burden of showing that a privilege applied. We hold that the psychological evaluation portion of the hospital record was properly excluded.[12]

The general rule is that "when a part of a document is introduced by one party, the other is entitled to put in the remainder of it." *Noble* v. *Fagnant*, 162 Mass. 275, 286 (1894). *Nonni* v. *Commonwealth*, 356 Mass. 264, 267 (1969). *Davis* v. *Mason*, 4 Pick. 156, 158 (1826). The defendant in this case is not aided by that rule. In the case of a hospital record, the offering party must show that the evidence comports with the requirements of G. L. c. 233, § 79. See *Commonwealth* v. *Perry*, 385 Mass. 639, 641-642 (1982); *Bouchie* v. *Murray*, 376 Mass. 524, 531 (1978). Therefore, it was the defendant's

---

[10] In suspected rape cases, the hospital apparently refers the victim for counseling as a normal procedure.

[11] See note 2, *supra*.

[12] Because we decide that, under G. L. c. 233, § 79, the judge was correct in excluding this evidence, we need not decide whether it was privileged, or, if it was, the correct burden of proof standard to be applied. We note, however, that the defendant failed to raise the burden of proof issue at the time of exclusion.

task to show that the psychological evaluation was admissible under the statute. The defendant has failed in this effort.[13]

In *Bouchie* v. *Murray, supra*, this court set forth a four-part analysis to determine whether material contained in a hospital record is admissible under G. L. c. 233, § 79.[14] The defendant has failed to show at least two of the required elements. Under G. L. c. 233, § 79, hospital records "may be admitted by the court, in its discretion, as evidence . . . so far as such records relate to the treatment and medical history of such cases." The defendant made no attempt to demonstrate that psychological evaluation of an alleged rape victim taken to a hospital for a physical examination fits within the meaning of "treatment and medical history," as intended by the Legislature. Furthermore, in *Bouchie* v. *Murray, supra*, this court held that "voluntary statements of third persons appearing in the record are not admissible" unless the statements have sufficient guarantees of trustworthiness or are not offered for the truth contained in them. *Id.* at 531. Since the victim's mother was also present at the psychological interview and the excluded statements were offered for their truth, the defendant must identify what information was attributable to the victim or to her mother, and if to her mother, whether the statements were supported by sufficient guarantees of trustworthiness to render them admissible under the *Bouchie* test. The defendant has made no such showing.

---

[13] The Commonwealth did not object to introduction of the evidence on this ground, but relied on its claim of privilege. Nevertheless, "no error will be found when an incorrect specific objection is sustained, if some other proper ground for exclusion exists." *Commonwealth* v. *Mandeville*, 386 Mass. 393, 397 (1982).

[14] This court stated the test as follows: "First, the document must be the type of record contemplated by G. L. c. 233, § 79. Second, the information must be germane to the patient's treatment or medical history. . . . Third, the information must be recorded from the personal knowledge of the entrant or from a compilation of the personal knowledge of those who are under a medical obligation to transmit such information. Fourth, voluntary statements of third persons appearing in the record are not admissible unless they are offered for reasons other than to prove the truth of the matter contained therein or, if offered for their truth, come within another exception to the hearsay rule or the general principles discussed *supra*." (Citation omitted.) *Bouchie* v. *Murray*, 376 Mass. 524, 531 (1978).

3. *Knowledge of victim's age.* The defendant was convicted of assault on a child under sixteen with intent to commit a rape. G. L. c. 265, § 24B.[15] He argues, however, that for the conviction to stand, the Commonwealth must prove beyond a reasonable doubt that the defendant was aware that the victim was younger than sixteen. We disagree.

In *Commonwealth* v. *Burke*, 390 Mass. 480, 486 (1983), we stated that assault with intent to commit a rape on an underaged child is attempted statutory rape. The defendant does not dispute this determination. As Chief Justice Holmes stated in *Commonwealth* v. *Peaslee*, 177 Mass. 267, 271 (1901), an attempt is "an act which is intended to bring about the substantive crime and which sets in motion natural forces that would bring it about in the expected course of events." See *Commonwealth* v. *McDonald*, 5 Cush. 365, 367 (1850). Thus, "[a]n assault with intent to rape includes every element of the crime of rape except penetration." *People* v. *Stagg*, 29 Ill. 2d 415, 417 (1963). *State* v. *Crofutt*, 76 S.D. 77, 78 (1955).

The Commonwealth need only prove two elements to support a conviction under G. L. c. 265, § 23, for statutory rape: "(1) sexual intercourse or unnatural sexual intercourse, with (2) a child under sixteen years of age." *Commonwealth* v. *Miller*, 385 Mass. 521, 522 (1982). In that case, we held that in a prosecution for statutory rape "it is immaterial that the defendant reasonably believed that the victim was sixteen years of age or older." *Id.* Accord *Commonwealth* v. *Moore*, 359 Mass. 509, 514-515 (1971). This is the rule in most jurisdictions. *Commonwealth* v. *Miller, supra* at 522-523, and cases cited. Similarly, in a prosecution for an assault with intent to commit statutory rape, this court has held that whether or not the defendant is aware of the victim's age is irrelevant. *Commonwealth* v. *Murphy*, 165 Mass. 66, 70 (1895).[16] See *Toliver* v.

---

[15] General Laws c. 265, § 24B, as amended through St. 1978, c. 379, § 2, provides: "Whoever assaults a child under sixteen with intent to commit a rape, as defined in section thirty-nine of chapter two hundred and seventy-seven, shall be punished . . . ."

General Laws c. 277, § 39, as amended by St. 1980, c. 459, § 8, defines "rape" in part as "sexual intercourse or unnatural sexual intercourse with a child under sixteen years of age."

[16] The defendant seeks to distinguish *Murphy* on the ground that the facts in that case dealt with an actual physical attempt to penetrate, rather than

*State*, 267 Ind. 575, 576 (1978). As the Supreme Court of New Hampshire has held, "[t]he fact that the defendant was ignorant of the age of [the victim] or that he did not intend the intercourse to be with a [person] of nonage would not prevent his act from constituting rape if completed, or an attempt, if it failed." *State* v. *Davis*, 108 N.H. 158, 160-161 (1967). This result is entirely consistent within the framework of our laws pertaining to rape, and is not an infringement of any of the defendant's constitutional rights. *Commonwealth* v. *Miller, supra. Nelson* v. *Moriarty*, 484 F.2d 1034, 1035-1036 (1st Cir. 1973).

Indeed, it would be incongruous for us to posit one rule for the completed act and another for the attempt. For this reason, we have held that the consent of the victim is no more a defense to an assault with intent to commit statutory rape than it is for the completed act. *Commonwealth* v. *Roosnell*, 143 Mass. 32, 36 (1886). In that case, this court held that "[i]f, as all agree, it is immaterial upon a charge of committing the completed act, which includes an assault, no reason but an extremely technical one can be urged why it should not be so upon a charge of assault with intent to commit the completed act." *Id.* at 41. This is simply a matter of common sense, for the policies underlying the rules in both cases are identical.[17] The Legislature's intention was "to put upon every one the burden of finding out whether his contemplated act is prohibited, and of refraining from it if it is."[18] *Commonwealth* v. *Murphy,*

---

a technical assault. This case involves an attempt to penetrate, not a technical assault.

[17] In order to convict a defendant of statutory rape, the Commonwealth need not prove the victim's lack of consent. The law conclusively presumes that those under sixteen years of age are not sufficiently mature to understand fully the physical, mental, and emotional consequences of sexual intercourse, and are therefore incapable of making a rational decision about whether to consent to such conduct. See *Commonwealth* v. *Gallant*, 373 Mass. 577, 582-583 (1977); *Glover* v. *Callahan*, 299 Mass. 55, 58-59 (1937). Even if the victim had so convincingly misrepresented her age as to give rise to a reasonable belief that she was older than sixteen, a consideration of the reasonableness of the defendant's belief would circumvent the rule that consent is no defense.

[18] Since this policy remains appropriate, we need not consider whether other reasons advanced by the *Murphy* court continue to be justified.

*supra* at 70. See *State* v. *Superior Court*, 104 Ariz. 440, 442 (1969).

We see no reason to depart from the logic of these cases. "The defendant in a statutory rape case does not lack the ability to comply with the law; he must simply abstain from sexual intercourse when there is even the remotest possibility that his partner is below the statutory age. . . . [The person] who contemplates intercourse with a partner of indeterminate age can resolve doubts in favor of compliance with the law without sacrificing behavior that society considers desirable." 78 Harv. L. Rev. 1257, 1258-1259 (1965).[19] The Legislature has had ample opportunity to change the law if it disagreed with our interpretations of the statutory rape statutes. The reenactments and amendments of these statutes have not attempted to alter our decisions (*Nichols* v. *Vaughan*, 217 Mass. 548, 551 [1914]), and this legislative silence shows "that the Legislature intended to exclude mistaken belief as to the age of the victim as a defense to the crime." *Commonwealth* v. *Miller*, 385 Mass. 521, 524 (1982). The Commonwealth was not required to prove the defendant's knowledge of the victim's age, and the indictment therefore properly omitted any reference to that fact.

*Judgment affirmed.*

---

[19] The judge instructed that the defendant must have had "the specific intent of having intercourse" to be found guilty of assault on a child under sixteen with intent to commit a rape. Thus, there is no support for the defendant's contention that a tap on the shoulder or a wink, if made with a state of mind merely desirous of intercourse, would be criminal.