883 F.2d 68
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roy Lee ALLEY, Plaintiff-Appellant,
v.
F.M. SASSER, Detective, Richmond City Bureau of Police,
Defendants-Appellees.
 No. 89-6601.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 24, 1989.
Decided Aug. 8, 1989.
 
 Roy Lee Alley, appellant pro se.
 Before K.K. HALL, PHILLIPS, and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Roy Lee Alley brought this 42 U.S.C. Sec. 1983 action contending that an officer of the Richmond Police Department wrongfully confiscated $282 from Alley at the time of his arrest, denying Alley the opportunity to use this money in his own defense. He also alleged that the officer erroneously booked him under the name "Roy Lee Allen" rather than "Roy Lee Alley." The record reflects that the state criminal proceedings are still pending. The district court dismissed the action, and Alley appealed.
 
 
 2
 Alley has an adequate post-deprivation remedy at state law regarding the confiscated money; namely, he may bring an action in state court under the Virginia Tort Claims Act. Va.Code Ann. Sec. 8.01-195.3 (1988). Therefore, the confiscation itself does not amount to a deprivation of property without due process of law cognizable under Sec. 1983. Hudson v. Palmer, 468 U.S. 517 (1984).
 
 
 3
 However, because Alley claimed that the confiscation deprived him of his right to retain counsel, the confiscation implicated Alley's sixth amendment right to counsel of choice. Powell v. Alabama, 287 U.S. 45 (1932); United States v. Inman, 483 F.2d 738, 739-40 (4th Cir.1973), cert. denied, 416 U.S. 988 (1974); United States ex rel. Ferenc v. Brierly, 320 F.Supp. 406 (E.D.Pa.1970). When a petitioner raises claims in a 42 U.S.C. Sec. 1983 action challenging any aspect of the pending state criminal proceeding, and where granting the relief claimed in the Sec. 1983 action would require adjudication of aspects of the state proceedings, the federal court will abstain. Suggs v. Brannon, 804 F.2d 274 (4th Cir.1986); see Younger v. Harris, 401 U.S. 37, 43-45 (1971).
 
 
 4
 We hold that the district court should have abstained from deciding Alley's claim regarding the confiscation as it implicated his sixth amendment right to counsel of choice in the pending state criminal proceeding. A decision on the merits of this claim would likely require an adjudication as to the constitutionality of the state proceedings; further, before the district court could decide the claim, it would have to require exhaustion of state remedies, which could not be accomplished until the conclusion of the state proceedings. See Traverso v. Penn, --- F.2d ----, No. 87-6043(L) (4th Cir. May 10, 1989), slip op. at 10-11. Therefore, we vacate the district court's order with regard to this claim and remand with instructions to stay the action until the conclusion of the state criminal proceedings, including any relevant state collateral review proceedings. Deakins v. Monaghan, 56 U.S.L.W. 4060 (U.S. Jan. 12, 1988) (No. 86-890) (Sec. 1983 action relating to state criminal proceedings should be stayed on the district court's docket pending conclusion of state proceedings when state action will not resolve damage claim brought in Sec. 1983 action); Traverso, supra.
 
 
 5
 Finally, Alley's claim that he was booked under the wrong name does not state a claim of constitutional deprivation; therefore, we affirm the district court's dismissal of that claim.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid in the decisional process.
 
 
 7
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.