**UNITED STATES of America,
Appellee,**

v.

**Larry James PHIFER, Appellant.**

**No. 74–1078.**

United States Court of Appeals,
Fourth Circuit.

Argued Sept. 30, 1974.

Decided Feb. 7, 1975.

F. Byron Parker, Jr., Richmond, Va. [Court appointed counsel] (Elmore & Parker, Richmond, Va., on brief), for appellant.

Michael S. Scofield, Asst. U. S. Atty. (Keith S. Snyder, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BOREMAN, Senior Circuit Judge, and WIDENER, Circuit Judge.

WIDENER, Circuit Judge:

This appeal involves the defendant's right to counsel in a criminal prosecution when his court appointed attorney refused to proceed with the case.

The defendant was arrested on April 20, 1973 and charged with aiding and abetting Thomas Walter Reid in the interstate transportation of money orders knowing them to be falsely made, forged and stolen, in violation of Title 18, United States Code, Sections 2314 and 2. Brought before a United States Magistrate, he waived his right to counsel at the preliminary hearing but indicated that he would retain private counsel for all subsequent proceedings.

On July 3, 1973, the defendant was arraigned and entered a plea of not guilty. At this time he was represented by Arthur Goodman, who had represented him in the past and agreed to represent him at the arraignment. Further representation by Goodman was, with the consent of the court, made contingent on the defendant retaining him. The court advised the defendant of his right to appointed counsel if he could not afford one. The defendant told the court that he was financially able to employ counsel and that he would employ Mr. Goodman. The court advised the defendant to get busy and make his arrangements with a lawyer.

The trial was scheduled for October 4, 1973. This was advanced to October 1, 1973, at which time Goodman appeared without the defendant. (Apparently due to the advanced trial date the defendant had not received notice). Goodman informed the court that the defendant had not made any arrangements to employ

him, had not kept an appointment with him, and asked to be removed as attorney of record. Later that same afternoon, the defendant appeared before the court alone. He told the court he had employed Goodman as his attorney who would represent him at his trial scheduled for October 4.

On October 4, 1973, the case was called for trial and the defendant appeared without counsel. He related his fee discussions with Mr. Goodman, and that he was under the impression that Goodman would represent him. The court ordered a continuance and for Mr. Goodman to be advised that he was going to be required to represent the defendant.

On November 1, 1973 the case was again called for trial and again the defendant appeared without counsel. At this time he informed the court that he could not afford a lawyer. The court ordered counsel to be appointed.

On November 9, 1973, Michael Sheely was appointed to represent the defendant in this matter. Trial was scheduled for November 29, 1973. Sheely by letter dated November 20, 1973 informed the clerk that the defendant had failed to keep three appointments and asked for a continuance.

The case was heard on November 29, 1973. At this late time Sheely formally moved for a continuance to allow him time to prepare for trial and to receive the results of private handwriting experts' examination of the evidence. The court denied the motion on the basis that the defendant had obtained several continuances due to his failure to employ a lawyer and had had sufficient time to prepare if he had acted with due diligence. Sheely then attempted to withdraw from the case. The court informed Sheely that he would be required to represent the defendant and that any flaws in that defense due to lack of trial preparation were the defendant's fault, not Sheely's. Sheely still refused to continue. The court then allowed Sheely to leave the courtroom and proceeded to trial without any defense counsel, holding that defendant had waived his right to counsel.

The defendant was convicted and sentenced to two years' imprisonment. From this conviction he appeals, urging that requiring him to proceed with the trial without an attorney was a denial of his right to counsel. We reverse.

■ The conduct of a defendant in failing either to retain counsel or to avail himself of his right to court appointed counsel, if he were indigent, may make him solely responsible for any lack of trial preparation on the part of his counsel. See United States v. Grow, 394 F.2d 182, 210 (4th Cir. 1968). While the issue is not squarely before us, it is obvious that the defendant had ample time and opportunity to make arrangements for counsel and any expert testimony that was required. By choosing such a course, he lost any claim of abuse of discretion in the court's denying the continuance.

■ But the failure to continue the case is not the issue here. The matter before us is whether or not the trial judge should have permitted Sheely to withdraw from the case and the courtroom and proceed with the trial in his absence.

■ Of course it was the right and the duty of the defendant's attorney to inform the court if he were not prepared and to ask for a continuance. However, zealous advocacy[1] does not require, nor does the Code of Professional Responsibility[2] permit an attorney to abandon his client and refuse to continue when the court has ruled adversely to his motion. Sheely should not have withdrawn from the case and left the courtroom. Nor should he have been permitted so to do. His conduct was quite inexcusable and thoroughly unprofessional.

Attempts by defendants to delay trial or otherwise frustrate the judicial system by endless delays to seek new counsel or last minute discharge of counsel have not been approved by this court[3] and nothing in this opinion should be so construed. This does not mean that a defendant, however recalcitrant and uncooperative, must be bound by the misconduct of his attorney in abandoning his case. The faulty conduct of Sheely lends no support to requiring the defendant to bear the burden of trial without counsel. The defendant did not discharge Sheely, and there is no indication either on or off the record that he approved of Sheely's departure. We are unable to say he waived his right to counsel. To proceed with the trial in the absence of the defendant's attorney was error. FRCrP 44(a).

Reversed and remanded for a new trial.

1. "A Lawyer Should Represent a Client Zealously Within the Bounds of the Law." American Bar Association Code of Professional Responsibility, Canon 7.

2. "(1) If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before that tribunal without its permission. (2) In any event, a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules." American Bar Association Code of Professional Responsibility, Disciplinary Rule 2–110.

3. United States v. Grow, 394 F.2d 182 (4th Cir. 1968); United States v. Lisk, 454 F.2d 205 (4th Cir. 1972); United States v. Pigford, 461 F.2d 648 (4th Cir. 1972); United States v. Inman, 483 F.2d 738 (4th Cir. 1973).