STATE OF NORTH CAROLINA v. NEIL A. McDIARMID, JR.

No. 7712SC906

(Filed 2 May 1978)

Criminal Law § 91.4— insufficient time for counsel to prepare for trial—continuance properly denied

The trial court did not abuse its discretion in denying defendant's motion to continue, made on the day the case was called for trial, on the ground that his counsel was not prepared for trial, since the record did not reveal why defendant waited to employ counsel until the date of his trial, some nine months after his indictment; defendant failed to show why or how his case

could have been better prepared had the continuance been granted; defendant failed to show that he was prejudiced by denial of his motion; and the record indicated that the case was well tried.

APPEAL by the defendant from *Herring, Judge.* Judgment entered 26 May 1977 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 2 March 1978.

The defendant and others were indicted on 9 August 1976 for conspiracy to forge and utter checks. The defendant was tried alone, convicted and sentenced to serve a term of not less than three years nor more than four years with the Department of Correction. The defendant appealed.

*Attorney General Edmisten, by Associate Attorney Thomas F. Moffitt, for the State.*

*Brown, Fox & Deaver, by Bobby G. Deaver, for the defendant appellant.*

ERWIN, Judge.

We note that the record in this case was not timely filed as required by App. R. 12(a). We elect to treat this appeal as a Petition for Writ of Certiorari, which we allow, and proceed to dispose of the case on its merits. *See Boone v. Fuller,* 30 N.C. App. 107, 226 S.E. 2d 191 (1976).

The defendant presents one argument: he contends that the trial court committed error in denying defense counsel's motion for continuance because he was not adequately prepared, and thus defendant was denied effective assistance of counsel as guaranteed by the Constitutions of North Carolina and the United States.

The record reveals that the offense which led to trial of the defendant occurred on or about 26 January 1976. The record does not reveal when a warrant was issued for the defendant's arrest or when the defendant had his first appearance or preliminary hearing. Indictment was returned by the grand jury against the defendant 9 August 1976. The trial judge continued arraignment of the defendant until the next nonjury session of Superior Court; two similar continuances of arraignment were allowed on 25 August 1976 and on 21 September 1976. The defendant was

represented by counsel on these occasions. The arraignment was set for the 25 October 1976 Session of the Superior Court. On 22 November 1976, the following stipulation was filed:

". . . attorney for the defendant with the consent of Neil A. McDiarmid, Jr., the defendant, stipulate that as of this date and insofar as they now know, no further discovery is desired and there are no motions which can be made prior to trial that will be made. Further, it is stipulated that the defense and the State are ready for trial and anticipate making no further motions, and agree that the case may be set for trial. The defendant will plead not guilty."

This case was finally called for trial 24 May 1977. The record does not reveal any reason why the case was continued in Superior Court from 9 August 1976 until 24 May 1977. The record reveals the following from an affidavit of defendant's trial counsel:

". . . I did not accept employment or any monies at this time for the obvious reason that I was not prepared to defend him at that time. I did appear before the Honorable D. B. Herring, Jr., upon the opening of Court on the morning of May 24, 1977, and upon the call of the defendant's case informed the Court that the defendant had contacted me in regards to employment in the case and that although I had not been employed in the matter it was my understanding that he was in a position to do so at that time. I was instructed by the Court to talk to the defendant and report back to the Court. I talked with the defendant . . . I immediately informed the Court that I was in fact retained to represent him in this matter, and immediately forthwith moved the Court for a continuance of this case to give me time to prepare the defense. This was approximately 10:00 a.m. on the morning of May 24, 1977. The Court denied my motion to continue the case and the case was immediately thereafter called for trial. I thereafter approached the bench with the Assistant District Attorney, Michael DeSilva, and informed the Court that I would like to make a verbal or parole motion, in his discretion, concerning the bill of indictment and thought same should be heard in the absence of the jury. Thereupon, the Court took a short recess. During this recess I explained

to Judge D. B. Herring, Jr. that I was inadequately prepared to defend the case and that if the Court insisted upon proceeding with the trial of the case I felt obligated on behalf of myself and the defendant to enter my exception and grounds therefore in the record. . . ."

The trial court denied the defendant's motion to continue.

A motion for continuance is usually addressed to the discretion of the trial court, and its ruling on such motion is not subject to review absent an abuse of discretion. *State v. Miller*, 288 N.C. 582, 220 S.E. 2d 326 (1975); *State v. Baldwin*, 276 N.C. 690, 174 S.E. 2d 526 (1970). If, however, the motion is based upon a right guaranteed by the United States or North Carolina Constitutions, the question is one of law, and the decision of the trial court is reviewable. *State v. Miller, supra; State v. Phillip*, 261 N.C. 263, 134 S.E. 2d 386 (1964), *cert. denied*, 377 U.S. 1003, 12 L.Ed. 2d 1052, 84 S.Ct. 1939 (1964). The denial of a motion to continue will not require a new trial absent a showing that there was both error in such denial and that defendant was prejudiced thereby. *State v. Harrill*, 289 N.C. 186, 221 S.E. 2d 325 (1976), *modified on other grounds*, 428 U.S. 904, 49 L.Ed. 2d 1211, 96 S.Ct. 3212 (1976); *State v. Robinson*, 283 N.C. 71, 194 S.E. 2d 811 (1973). If constitutional issues are raised by the motion's denial, whether defendant's rights have been abridged is to be determined based on the circumstances of each case. *State v. McFadden*, 292 N.C. 609, 234 S.E. 2d 742 (1977); *State v. Harris*, 290 N.C. 681, 228 S.E. 2d 437 (1976).

We hold that the trial court did not abuse its discretion in denying the defendant's motion to continue, and the defendant was not denied effective representation of counsel at the trial, and therefore, the defendant's constitutional rights as guaranteed by the Sixth Amendment of the Constitution of the United States and Article I, §§ 19 and 23 of the Constitution of North Carolina have not been violated. In *State v. Sneed*, 284 N.C. 606, 612, 201 S.E. 2d 867, 871 (1974), Justice Branch, speaking for our Supreme Court on this subject, stated:

"Neither the United States Supreme Court, nor this Court, has fashioned a rule to guide us in determining whether an accused was denied his Constitutional right to effective assistance of counsel due to counsel's negligence, incompeten-

cy, conflicting loyalties or other similar reasons. However, there are numerous decisions from other jurisdictions and other federal courts which bear upon decision of the question here presented. A review of these decisions indicates the general rule to be that the incompetency (or one of its many synonyms) of counsel for the defendant in a criminal prosecution is not a Constitutional denial of his right to effective counsel unless the attorney's representation is so lacking that the trial has become a farce and a mockery of justice. *Snead v. Smyth*, 273 F. 2d 838; *Doss v. State of North Carolina*, 252 F. Supp. 298; *Edgerton v. State of North Carolina*, 230 F. Supp. 264; *DuBoise v. State of North Carolina*, 225 F. Supp. 51; *Jones v. Balkcom*, 210 Ga. 262, 79 S.E. 2d 1, cert. den. 347 U.S. 956, 98 L.Ed. 1101; See Annot., 74 A.L.R. 2d 1390 (1960), Conviction—Incompetency of Counsel."

The record does not reveal why the defendant waited until the date of his trial to employ counsel, some nine months after his indictment. The State is not required to seek out a defendant in a criminal case and supervise his employment of counsel and the preparation of his case for trial. The defendant does not show why or how his case could have been better prepared had the continuance been granted, nor does the defendant show that he was prejudiced by the denial of his motion to continue. We note that five witnesses were called to testify on the defendant's behalf as well as the defendant himself, and the record indicates that the case was well tried. *State v. McFadden, supra,* is distinguishable from the case at bar. In *McFadden* the defendant had retained counsel, but an unprepared junior associate appeared at the trial and requested a continuance because the employed attorney was engaged in a trial elsewhere; the junior associate met the defendant for the first time 90 minutes before trial; the retained attorney had handled all proceedings up to that point; the junior associate was inexperienced; and the defendant did not want the junior associate to handle his case. Here the appellant wanted his trial attorney to represent him, an experienced, privately retained counsel. Further, G.S. 15A-952 provides the procedure for continuing cases which the defendant did not choose to follow.

The writing of Judge Widener in *United States v. Phifer*, 511 F. 2d 960, 962 (4th Cir. 1975), is very relevant here:

"The conduct of a defendant in failing either to retain counsel or to avail himself of his right to court appointed counsel, if he were indigent, may make him solely responsible for any lack of trial preparation on the part of his counsel. See *United States v. Grow*, 394 F. 2d 182, 210 (4th Cir. 1968)."

In the trial below, we find no prejudicial error.

No error.

Chief Judge BROCK and Judge VAUGHN concur.