STATE OF NORTH CAROLINA v. HERBERT HUFFMAN

No. 7813SC597

(Filed 7 November 1978)

1. **Criminal Law § 15.1— motion for change of venue—pretrial publicity—no prejudice from denial**

   Defendant failed to show an abuse of the trial court's discretion in denying his motion for change of venue where defendant showed only that the case received extensive local news coverage and certain newspaper photographs were used at trial, but the record did not show defendant's examination of prospective jurors nor did it show that defendant exhausted his peremptory challenges.

2. **Criminal Law § 91.1— continuance denied—no prejudice shown**

   Defendant failed to show that the trial court abused its discretion in denying his motion for a continuance where defendant did not show how his case would have been better prepared had the continuance been granted, nor did he show that he was prejudiced by the motion's denial.

3. **Criminal Law § 92.4— two charges against one defendant—consolidation proper**

   The trial court did not err in consolidating for trial charges of second degree rape and assault with a deadly weapon with intent to kill, since the two charges arose from a continuous series of acts by defendant; there was no lesser included offense involved; and the State's proof of assault with a deadly weapon with intent to kill was not an indispensable element in the State's proof of second degree rape. Moreover, if it was error for the trial court to fail to put the State to an election, such error was cured by the court's arrest of judgment on the assault with a deadly weapon inflicting serious injury conviction.

4. **Rape § 5— victim's consent—offense committed by violence—sufficiency of evidence of rape**

   Defendant's contention that he was entitled to judgment of nonsuit because the rape victim at no point testified that the sexual acts were without

her consent is without merit since the victim's testimony clearly showed that defendant committed the offense through violence and the inducement of fear, and "consent" induced by violence or the threat thereof is not a defense to the charge of rape.

APPEAL by defendant from *Herring, Judge.* Judgment entered 23 February 1978 in Superior Court, BLADEN County. Heard in the Court of Appeals 23 October 1978.

Defendant was indicted for first degree rape and assault with a deadly weapon with intent to kill, tried for second degree rape and assault with a deadly weapon with intent to kill, convicted by a jury of assault with intent to commit rape and assault with a deadly weapon inflicting serious injury, and sentenced to 15 years for the assault with intent to commit rape. The trial court granted defendant's motion for arrest of judgment as to assault with a deadly weapon inflicting serious injury.

Prior to trial, defendant moved for change of venue or a special venire. After a voir dire, the trial court denied the motions, finding that there was not such prejudice existing in Bladen County as to prevent defendant from receiving a fair trial in Bladen County.

At trial, the testimony of Mrs. Thelma Dockery tended to show that: on 22 October 1977 at approximately 10:30 p.m., defendant, whom she had known all her life, knocked on her door; she let him in, and he began slapping her, pulling out a pistol and hitting her with it; defendant pulled off her pajamas and had intercourse with her; he then made her go into the bedroom and had oral sex and intercourse with her; and defendant then slapped her again and fired his pistol, the bullet striking the kitchen floor. The State presented several photographs, showing cuts and abrasions on Mrs. Dockery's body. Daniel Dockery testified that he saw his mother on 23 October 1977 and that she was in a bruised and bloodied condition.

Defendant testified that he had been having sexual relations with Mrs. Dockery for some time and that on the night in question, he did strike her. He stated, however, that she told him that "she felt it was her duty to satisfy him sexually," and that they then attempted intercourse. Defendant denied firing a pistol.

Defendant appeals.

*Attorney General Edmisten, by Associate Attorney Thomas F. Moffitt, for the State.*

*H. Goldston Womble, Jr., for defendant appellant.*

ERWIN, Judge.

Having carefully considered defendant's arguments on this appeal, we conclude that he received a fair trial, free of prejudicial error.

[1] Defendant presents seven arguments on appeal. He first contends that the trial court abused its discretion in denying his motion for a change of venue or in the alternative for a special venire. Defendant points out that the case received extensive local news coverage, and apparently certain newspaper photographs were used at the trial. Such motions are addressed to the trial judge's sound discretion, and an abuse thereof must be shown for there to be error in their denial. *State v. Hood,* 294 N.C. 30, 239 S.E. 2d 802 (1978); *State v. Dollar,* 292 N.C. 344, 233 S.E. 2d 521 (1977); *State v. Boykin,* 291 N.C. 264, 229 S.E. 2d 914 (1976). We see no abuse of that discretion on the record before us. The record does not show defendant's examination of prospective jurors nor does it reflect that he exhausted his peremptory challenges. *See State v. Dollar, supra.*

[2] Defendant next contends that the trial court abused its discretion in denying his motion for a continuance. Again, a motion for a continuance is normally a matter of trial court discretion. Defendant appears to argue that denial of the motion prejudiced him by giving counsel insufficient time to prepare for trial:

> "Defendant contends that the securing of the indictments and arraignment one week prior to trial, together with the fact that retained counsel had not long been associated on the case, worked to his prejudice in the research and preparation of his case."

If the motion is based upon a constitutional right, the question is one of law, and the decision of the trial court is reviewable. *State v. McFadden,* 292 N.C. 609, 234 S.E. 2d 742 (1977); *State v. McDiarmid,* 36 N.C. App. 230, 243 S.E. 2d 398 (1978). Where such

constitutional issues are raised by the motion's denial, whether defendant's rights have been denied is to be determined based on the circumstances of each case. *State v. McFadden, supra; State v. Harris*, 290 N.C. 681, 228 S.E. 2d 437 (1976).

Here, defendant does not show how his case would have been better prepared had the continuance been granted, nor does he show that he was prejudiced by the motion's denial. The record shows that the case was well tried, cross examination was vigorous, and counsel presented and argued various motions on defendant's behalf throughout the trial. We find no merit in this contention of defendant.

[3] Four of defendant's further arguments pertain to the trial court's consolidation of the charges of second degree rape and assault with a deadly weapon with intent to kill and to its denial of various motions of defendant to require the State to elect between the two charges. We see no prejudicial error.

A continuous series of acts by a defendant, occurring at the same time and as parts of one entire plan of action, may constitute separate criminal offenses. *State v. Midyette*, 270 N.C. 229, 154 S.E. 2d 66 (1967); *State v. Vawter*, 33 N.C. App. 131, 234 S.E. 2d 438 (1977), *cert. denied*, 293 N.C. 257 (1977). Clearly, we are not here confronted with a lesser included offense, nor was the State's proof of assault with a deadly weapon with intent to kill an indispensable element in the State's proof of second degree rape. *Cf. State v. Thompson*, 280 N.C. 202, 185 S.E. 2d 666 (1972). Even assuming error by the trial court in failing to put the State to an election, it was effectively cured by its arrest of judgment on the assault with a deadly weapon inflicting serious injury conviction.

[4] Finally, defendant urges that the trial court erred in denying his motion for judgment as of nonsuit at the close of all the evidence. He maintains in support of this contention that at no point did Mrs. Dockery testify that the sexual acts were without her consent. Her testimony, however, clearly tends to show that defendant committed the offense through violence and the inducement of fear. "Consent" induced by violence or the threat thereof is not a defense to the charge of rape. *State v. Henderson*, 285 N.C. 1, 203 S.E. 2d 10 (1974), *modified on other grounds*, 428 U.S. 902 (1976).

In the trial below, we find

No error.

Judges MORRIS and ARNOLD concur.