State v. Maher

---

STATE OF NORTH CAROLINA v. STEPHEN J. MAHER

No. 813SC281

(Filed 17 November 1981)

1. **Constitutional Law § 48— effective assistance of counsel—denial of continuance**

   Defendant was not denied the right to the effective assistance of counsel by the denial of his motion for continuance after his original counsel withdrew and his trial counsel was retained only four days before the trial began where original counsel had prepared the case for trial and offered to assist trial counsel in his preparation for trial; the prosecutor reminded both defendant and his counsel on Friday that the case would be tried the following Monday; the case was not a complex one; defendant's trial counsel showed a good grasp of the case during the trial; and defendant failed to show how his case would have been better presented had the continuance been granted.

2. **Criminal Law § 102.8— no comment on defendant's failure to testify**

   The prosecutor's comments in his jury argument concerning the absence of any evidence to contradict the State's case in chief did not constitute an improper reference to defendant's failure to testify.

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 24 November 1980 in Superior Court, CARTERET County. Heard in the Court of Appeals 16 September 1981.

Defendant was arrested on 27 July 1980 and charged with sale and delivery of a controlled substance and possession with intent to sell and deliver a controlled substance. He filed a waiver of venue on 26 August 1980. He was indicted 17 November, and the indictment was issued on 19 November 1980. Defendant and a codefendant, Lawrence Edward Whittis, in August retained Mr. David Work to represent them, but Mr. Work withdrew as counsel for defendant on 19 November. Defendant's new counsel, Mr. Frazier, through his associate, Mr. King, entered an appearance the same day. At that time Mr. Work reportedly told the court that he had readied the case for trial and that he would assist Mr. Frazier's preparation. Mr. King was informed by the prosecutor, Mr. Bestwick, on 20 November that defendant's case was set for trial on Monday, 24 November. Mr. King moved for a continuance, but the request was denied. Defendant was served on 20 November. There is evidence that on Friday, 21 November, Mr. Bestwick approached defendant and told him the case would be tried the following Monday. On 24 November, Mr. Frazier appeared and moved for a continuance on the grounds that he was unprepared to try the case. The court denied the request and a request to withdraw.

Defendant appeals from convictions of possession with intent to deliver diazepam and sale and delivery of diazepam, and an order of imprisonment.

*Attorney General Edmisten, by Assistant Attorney General David Roy Blackwell, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defenders M. Christopher Kemp and Ann Pederson, for defendant appellant.*

MORRIS, Chief Judge.

[1] Defendant alleges a denial of his right to effective assistance of counsel by denial of the motion for continuance. A motion to continue is ordinarily addressed to the trial judge's discretion and review is limited to a showing that he abused that discretion.

However, when a motion to continue is based on a constitutional right, the ruling of the trial court is reviewable on appeal because the motion then presents a question of law rather than discretion. *State v. Moore,* 39 N.C. App. 643, 251 S.E. 2d 647 (1979), *appeal dismissed* 297 N.C. 178 (1979); *State v. Mason,* 295 N.C. 584, 248 S.E. 2d 241 (1978), *cert. denied* 440 U.S. 984, 60 L.Ed. 2d 246, 99 S.Ct. 1797 (1979); *State v. Huffman,* 38 N.C. App. 584, 248 S.E. 2d 407 (1978); *State v. McFadden,* 292 N.C. 609, 234 S.E. 2d 742 (1977). The denial of defendant's motion in this case presents a constitutional question. Defendant must demonstrate, however, that there was both error in the denial of the motion and that he was prejudiced thereby before a new trial will be granted. *State v. Thomas,* 294 N.C. 105, 240 S.E. 2d 426 (1978); *State v. Robinson,* 283 N.C. 71, 194 S.E. 2d 811 (1973); *State v. Moses,* 272 N.C. 509, 158 S.E. 2d 617 (1968). Defendant has shown neither here.

The right to assistance of counsel is guaranteed by the Sixth and Fourteenth Amendments of the Federal Constitution and by Article I, Sections 19 and 23 of the Constitution of North Carolina. *State v. Sneed,* 284 N.C. 606, 201 S.E. 2d 867 (1974). A defendant is not denied this right unless the attorney's representation is so inadequate that the trial has become "a farce and mockery of justice." *Id.* at 612, 201 S.E. 2d at 871. With regard to claims of ineffective representation, the North Carolina Supreme Court has said:

> The Courts rarely grant relief on the grounds here asserted, and have consistently required a stringent standard of proof on the question of whether an accused has been denied Constitutionally effective representation. We think such a standard is necessary, since every practicing attorney knows that a "hindsight" combing of a criminal record will in nearly every case reveal some possible error in judgment or disclose at least one trial tactic more attractive than those employed at trial.

*State v. Sneed,* supra at 613, 201 S.E. 2d at 871-72. Determination of whether defendant's right was violated is based on the circumstances of each case. *State v. Huffman,* supra; *State v. McFadden,* supra; *State v. Harris,* 290 N.C. 681, 228 S.E. 2d 437 (1976).

Defendant contends that denial of his motion to continue prejudiced him by giving counsel insufficient time to prepare for

trial. He says that his counsel, who was retained two days after return of indictment and on the same day prior counsel withdrew, was denied a reasonable opportunity to investigate and ready the case, because this left four days, including a weekend, to prepare for trial. We note that "[t]he constitutional right to assistance of counsel necessarily includes that counsel should have a reasonable time to prepare for trial. However, no set length of time for investigation, preparation and presentation is required. . . ." *State v. Harris*, supra, at 687.

We are, of course, bound by the record of the trial proceedings. *State v. Milano*, 297 N.C. 485, 256 S.E. 2d 154 (1979). That record, when scrutinized according to the recognized rules of law outlined above, does not show that defendant was denied effective representation at trial. Mr. Work had prepared the case before his withdrawal, and offered to assist Mr. Frazier with his own trial preparation. Mr. Work communicated with the prosecutor, Mr. Bestwick, between the months of August and November 1980. They discussed possible deposition and exchanged documents. Motions were filed and discovery complied with. Further, Mr. Bestwick reminded defendant on the preceding Friday that his case would be tried on Monday, and Mr. Frazier's associate was so apprised, as well. The case was not a complex one and the trial itself was conducted well. Mr. Frazier in his arguments to the jury showed a good grasp of the case, and cross examination was spirited. Defendant fails to show how his case would have been better presented had the continuance been granted. We find no prejudice under the circumstances and determine that effective assistance of counsel was not denied.

[2] Defendant also asserts that he was denied his Fifth Amendment right to remain silent when the prosecutor allegedly commented, in closing argument, on defendant's failure to testify. It is our opinion based on the record that the prosecutor made no such comment.

The portions of the state's argument that we have been asked to consider are the following:

> This is a simple case, a very simple case, factually. His Honor at some appropriate time will charge you as to what the law

Hoffman v. Truck Lines, Inc.

is in this case that is to be applied to these facts; but let me argue to you what it was that the State contends happened here and let me argue to you that this is the uncontradicted evidence. There is no evidence to the contrary.

And several lines later:

Who is it under the uncontradicted evidence? The gentleman over here who doesn't particularly want to look at you right now; prefers to look away because he knows he is the Supplier.

The prosecutor, by these words, merely commented on the absence of any evidence to contradict the state's case in chief. "[T]he remark to which the objection is made does not specifically point to the failure of the defendants to take the stand. It does not argue any admission of guilt by them because of such failure." *State v. Walker,* 251 N.C. 465, 479-80, 112 S.E. 2d 61, 72 (1960), *cert. denied,* 364 U.S. 832, 5 L.Ed. 2d 58, 81 S.Ct. 45. Therefore, this portion of the argument does not violate the restriction prohibiting reference to the failure of the defendant to testify.

In defendant's trial and in the judgment rendered we find

No error.

Judges HEDRICK and WELLS concur.