STATE OF NORTH CAROLINA v. ROBERT C. JACKSON AND MICHAEL WARE

No. 8212SC302

(Filed 7 December 1982)

**1. Criminal Law § 91.6— denial of continuance to review transcript—error**

The trial court erred in not allowing defendants' motion for a continuance prior to their third trial on charges of breaking and entering where (1) the trial judge determined defendants needed a transcript of the most recent mistrial to prepare adequately for trial, (2) the case was tried for a week before the mistrial was declared, (3) the State's case against defendants consisted of testimony by eight witnesses, two of whom did not testify at the first trial, (4) each witness was examined by three attorneys, and (5) a period of less than a day was clearly insufficient to allow defendants' attorneys adequate time to review the transcript for impeachment purposes and to compare it to the first trial for further discrepancies.

**2. Criminal Law §§ 73.1, 162.6— exceptions not covered by general objections—no prejudicial error**

Without deciding whether the rule expressed in G.S. 15A-1446(d)(10), concerning general objections, may be stretched to cover a specified line of questioning for 47 pages of testimony by the State's principal witness, the Court examined defendant's exceptions and found either that they were not covered by the general objection or that they resulted in no prejudicial error.

APPEAL by defendants from *Farmer, Judge.* Judgments entered 18 September 1981 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 13 October 1982.

Each defendant appeals from a conviction of three counts of felonious breaking or entering and three counts of felonious larceny and judgments imposing maximum prison sentences of three years.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Associate Attorney Philip A. Telfer, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Nora B. Henry, for defendant appellant Jackson.*

*Brady, Jackson & Peck, by Richard W. Jackson, for defendant appellant Ware.*

BECTON, Judge.

I

Defendants assign error to the trial court's denial of a motion for continuance, to evidentiary rulings of the trial court, and to the court's charge to the jury. Our review of the assignments of error discloses prejudicial error requiring a new trial.

II

This appeal arises from the third trial of defendant appellants on charges of breaking and entering three unoccupied trailers in the Fairlane Acres Mobile Home City in Fayetteville, North Carolina, and stealing from them over $2,800 worth of furniture and appliances. The first two trials ended in mistrials when the juries could not reach unanimous verdicts. The second mistrial was declared on Friday, 11 September 1981. Upon motion by defendants, the court reporter was ordered to provide defendants with a transcript of that trial.

The third trial was calendared to begin on Monday, 14 September 1981. Upon the call of the case for trial on that date, defendants moved for a continuance because two of their witnesses would not be available until the following week, because they needed time to investigate new evidence disclosed in the second trial, and because they had not yet been furnished a copy of the transcript of the second trial. State opposed the motions on the ground that its principal witness would be unavailable after seven days due to military orders and that the

transcript would be available to defendants "very shortly." The court ordered a continuance until 9:30 the following morning so that defendants might review the transcript of the previous trial. On the following morning, defendants renewed their motions for a continuance because they had not received the transcript until noon the day before and had not had sufficient time to review it. The motions were denied, and the case proceeded to trial.

At trial, the State's evidence tended to show that on the evening of 15 February 1981 defendants, along with State's principal witness, Angel Velez, broke and entered three vacant trailers in the trailer park where defendant Jackson lived, and removed appliances and furniture from those trailers. Velez paid defendants $150 for some of the stolen furniture; the remainder was delivered by defendants and Velez to two other persons. Velez subsequently pawned his stolen furniture at the A & B Thrift Shop where they were discovered by the manager of the mobile home park. The furniture was traced to Velez, who was arrested and who gave a statement to police implicating defendants Jackson and Ware.

Both defendants took the stand and denied breaking into the trailers and stealing the furniture therein. The two people to whom defendants allegedly delivered some of the stolen furniture denied receiving it.

### III

In their first assignment of error defendants contend that the trial court erred in denying their motion for a further continuance to review the transcript of the most recent mistrial.

[1] A motion for a continuance is addressed to the sound discretion of the trial court, and its ruling thereon will not be disturbed absent an abuse of discretion. *State v. Weimer,* 300 N.C. 642, 268 S.E. 2d 216 (1980). "However, when a motion to continue is based on a constitutional right, the question presented is a reviewable question of law." *State v. McFadden,* 292 N.C. 609, 611, 234 S.E. 2d 742, 744 (1977); *State v. Huffman,* 38 N.C. App. 584, 248 S.E. 2d 407 (1978). The defendants in this case argue that the trial court's allowance of less than 24 hours to review a 300-page transcript failed to provide defendants with the *effective use* of that transcript and thereby denied them their constitutional right to

the assistance of counsel who has had a reasonable opportunity to prepare for trial. We agree.

The Supreme Court of the United States has determined that indigents are to be provided free transcripts of prior proceedings if the trial court determines it necessary for an effective defense or appeal. *Britt v. North Carolina,* 404 U.S. 226, 30 L.Ed. 2d 400, 92 S.Ct. 431 (1971). This determination by the trial court requires a consideration of two factors: (1) the value of the transcript to the defendant in connection with the matters for which it is sought; and (2) whether alternative devices are available which are substantially equivalent to a transcript. *Id.* at 227, 30 L.Ed. 2d at 403, 92 S.Ct. at 434. *State v. Rankin,* --- N.C. ---, 295 S.E. 2d 416 (1982).

A trial judge in the present case determined that defendants needed a transcript of the most recent mistrial to prepare adequately for trial. Indeed, before continuing the case from 12:00 noon one day until 9:30 the following morning, the trial court, during the hearing on the motion for continuance, said: "I was under the impression that the transcript was going to be prepared over the weekend and furnished to counsel over the weekend . . . . [T]here is not any point of issuing an order to write up the transcript unless you have the opportunity to look at it." With this "point," we agree. As we stated in *State v. McNeill,* 33 N.C. App. 317, 323, 235 S.E. 2d 274, 277-78 (1977):

> The benefits of the availability of a transcript of the first trial, to the State as well as the defendant, are manifest. No longer should the appellate courts be called upon to consider the casuistic arguments advanced to justify the absence of what has come to be a common tool in preparation for an appeal or retrial. Henceforth, if the State intends to retry an indigent defendant after a mistrial, the defendant, upon his timely request, should be provided with the *effective use* of the trial transcript. [Emphasis added.]

The trial court in the present case did not, however, afford defendants *effective use* of the lengthy transcript. The case was tried for a week before the mistrial was declared. The State's case against defendants consisted of testimony by eight witnesses, two of whom did not testify at the first trial. Each witness was examined by three attorneys. A period of less than a

day was clearly insufficient to allow defendants' attorneys adequate time, not only to review the transcript for impeachment purposes, but also to compare it to the transcript of the first trial for further discrepancies. The law requiring that mistrial transcripts be made available to indigent defendants prior to retrial would be of little consequence if those same defendants were not allowed sufficient time to study and use the transcripts in preparing their defense.

The facts of this case are distinguishable from those in *State v. Williams*, 51 N.C. App. 613, 277 S.E. 2d 546 (1981). There, we found no abuse of discretion by the trial court in the denial of the defendant's motion for a continuance to enable him to obtain a transcript of his third mistrial, because there was no finding of need for the transcript by the trial court and our review of the record revealed none. The record in the case *sub judice* fully supports the conclusion that these defendants needed the transcript and were denied meaningful access to it.

We do not consider the other reasons advanced by defendants in support of their motion for continuance as they are unlikely to recur upon retrial of this matter. For denial of the *effective use* of the transcript of the previous mistrial, defendants must have a new trial.

## IV

[2] Defendant appellant Ware also maintains that he was denied a fair trial by the trial court's admission, over his general objection, of hearsay testimony by Angel Velez regarding statements made to him by Robert Jackson out of the presence of defendant Ware. This assignment of error is supported by twelve exceptions, only two of which were preceded by objections and none of which was followed by motions to strike. In his first objection, however, Ware entered a general objection "with respect to any statement made to Robert Jackson for the Defendant Michael Ware if they were not made in his presence." Relying upon N.C. Gen. Stat. § 15A-1446(d)(10), Ware contends that this general objection rendered unnecessary any further objections with regard to the specified line of questioning for the remaining 47 pages of testimony by Velez on direct examination. Without deciding whether the rule expressed in G.S. § 15A-1446(d)(10) may be stretched to such lengths, we have examined defendant's excep-

tions and find either that they were not covered by the general objection or that they resulted in no prejudicial error to defendant Ware.

Exceptions four and five concern testimony by Velez that Jackson told him he could get him a stove or refrigerator for $90 or $100 and to bring his own truck to Jackson's house on Sunday, the 15th, to pick up these items. These statements in no way imply that Jackson intended to steal the items and thus were not prejudicial to Ware. Exceptions six, nine, and ten concern statements by Jackson to Velez which the record reveals were made in the presence of defendant Ware. Exception seven involves a statement by a person other than defendant Jackson and thus is not within the line of questioning objected to by defendant. Exception eight concerns an alleged statement by Jackson to Velez that Jackson was going to deliver some of the furniture to a specified person. Subsequent testimony by Velez, unobjected to by defendant Ware, tended to show that Ware and Velez accompanied Jackson on that delivery. Any prejudice to Ware from the preceding hearsay testimony is thus not apparent. Exception eleven is to testimony by Velez that Jackson came and asked him for his money. Earlier negotiations between Velez and Jackson regarding payment by Velez for the stolen furniture took place in the presence of Ware, according to prior testimony by Velez; hence, we fail to perceive undue prejudice from admission of this testimony. We also perceive no prejudice in exception twelve, which concerns an alleged statement by Jackson to Velez that Jackson wanted to store some of the furniture in Velez' house because Jackson was leaving for Germany soon. Other testimony, unobjected to by Ware, reveals that Ware helped Jackson and Velez place this furniture in Velez' house. Exception thirteen follows the reading by Velez of the statement which he gave police following his arrest. The statement corroborates his previous testimony and was therefore properly admitted. Exceptions fourteen and fifteen concern testimony, unobjected to, offered by witnesses other than Velez, which clearly was not covered by defendant's general objection during the testimony by Velez. This assignment of error is overruled.

## V

The remaining assignments of error will probably not recur at retrial and we do not discuss them.

For the foregoing reasons, defendants must have a

New trial.

Chief Judge MORRIS and Judge JOHNSON concur.