State v. David

---

STATE OF NORTH CAROLINA v. RONALD DAVID

No. 8520SC1143

(Filed 15 April 1986)

1. **Constitutional Law § 45— motion to remove attorney—denial proper**
    The trial court did not err in denying defendant's motion to remove his attorney where the attorney assured the court that he was not less inclined ably to represent defendant because defendant had not yet fully paid counsel fees, and the attorney further assured the court that he was prepared for trial.

**2. Criminal Law § 91.1— defendant's dealings with attorney—denial of continuance proper**

  The trial court did not err in denying defendant's motion for continuance made on the grounds that defendant lacked confidence in his counsel and disagreed with counsel's trial strategy; defendant only recently informed counsel of a witness; and defendant spoke with an attorney who indicated an interest in reviewing defendant's case.

**3. Criminal Law § 138.42— age of victim as mitigating circumstance—no "victim"**

  In a prosecution of defendant for sale and delivery of cocaine, there was no merit to defendant's contention that the trial court erred in failing to find as a mitigating factor that "[t]he victim was more than 16 years of age and was a voluntary participant in or consented to the defendant's conduct," since the paid police informant who volunteered to purchase cocaine in furtherance of a police investigation was not a victim within the meaning of N.C.G.S. § 15A-1340.4(a)(2)g.

APPEAL by defendant from *Freeman, Judge.* Judgments entered 16 July 1985 in Superior Court, RICHMOND County. Heard in the Court of Appeals 7 April 1986.

Defendant was charged in proper bills of indictment with possession of cocaine with intent to sell or deliver and of sale or delivery of cocaine. The State presented evidence tending to show that a paid informant purchased from defendant one-fourth gram of a white powdery substance subsequently determined to be cocaine. Defendant presented no evidence. From judgments imposing an eight-year prison sentence for sale and delivery of cocaine and a three-year concurrent prison sentence for possession of cocaine with intent to sell or deliver, defendant appealed.

  *Attorney General Lacy H. Thornburg, by Assistant Attorney. General Daniel F. McLawhorn, for the State.*

  *Assistant Appellate Defender Louis D. Bilionis for defendant, appellant.*

HEDRICK, Chief Judge.

  By his first assignment of error, defendant contends that the trial court erred in denying defendant's motion to remove his attorney and in denying defendant's motion for continuance.

[1] The grounds stated in support of defendant's motion to dismiss his attorney were: 1) defendant lacked confidence in counsel because defendant had not fully paid counsel fees; and 2) de-

fendant disagreed with counsel's judgment regarding the evidence to present at trial. When faced with a request that counsel be withdrawn, a trial court's sole obligation is to make a sufficient inquiry to determine whether defendant will receive effective assistance of counsel. *State v. Poole*, 305 N.C. 308, 312, 289 S.E. 2d 335, 338 (1982).

Defendant's attorney assured the court that he was not less inclined to ably represent defendant because defendant had not yet fully paid counsel fees. Defendant's attorney further assured the court that he was prepared for trial. We have carefully examined the record. We conclude that defendant was adequately represented at trial and that his right to effective assistance of counsel was not abridged. *State v. Billups*, 301 N.C. 607, 272 S.E. 2d 842 (1981).

[2] The grounds stated in support of defendant's motion for a continuance were: 1) defendant lacked confidence in counsel; 2) defendant disagreed with counsel's trial strategy; 3) defendant only recently informed counsel of a witness; and 4) defendant spoke with an attorney who indicated an interest in reviewing defendant's case. In reviewing defendant's contention that the trial court erred in denying his motion for a continuance, we note that ordinarily the decision to grant or deny a continuance rests in the sound discretion of the trial court and will not be disturbed absent an abuse of discretion.

It is not an abuse of discretion for the trial court to deny a motion for continuance motivated by a defendant's lack of confidence in his counsel. *State v. Billups*, 301 N.C. 607, 272 S.E. 2d 842 (1981). A mere disagreement between a defendant and his counsel as to trial tactics is not sufficient to require the trial court to grant a continuance. See *State v. Robinson*, 290 N.C. 56, 224 S.E. 2d 174 (1976). It is not an abuse of discretion to deny a motion for continuance when defendant waits until the trial date, 14 months after indictment, to inform his attorney that he has a witness. See *State v. McDiarmid*, 36 N.C. App. 230, 243 S.E. 2d 398 (1978). The trial court is certainly not required to grant a motion for continuance grounded on the possibility of obtaining new counsel. Defendant's first assignment of error is overruled.

[3] Defendant's remaining assignment of error is to the court's failure to find a mitigating factor that "[t]he victim was more than

16 years of age and was a voluntary participant in or consented to the defendant's conduct." At the sentencing stage of trial, the trial court must find each mitigating factor enumerated in the Fair Sentencing Act and supported by uncontradicted, substantial and manifestly credible evidence. *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983).

Defendant contends that the paid police informant who volunteered to purchase cocaine in furtherance of a police investigation is a victim within the meaning of G.S. 15A-1340.4(a)(2)g. Such an interpretation is contrary to the ordinary meaning of the term victim. Defendant's assignment of error is overruled.

We have carefully considered defendant's assignments of error and find

No error.

Judges WELLS and MARTIN concur.