**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 98-4762

MICHAEL WAYNE LONES,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 98-4790

JOHN VINCENT BAUMGARTEN, JR.,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 98-4791

ANTHONY QUINN BAUMGARTEN,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 98-4792

JOHN VINCENT BAUMGARTEN, SR.,
Defendant-Appellant.

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-97-298-CCB, CR-96-483-CCB)

Submitted: January 31, 2000

Decided: February 17, 2000

Before MURNAGHAN and MICHAEL, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Anton J.S. Keating, Baltimore, Maryland; Alan Bussard, Towson,
Maryland; Peter D. Ward, Baltimore, Maryland; Howard Margulies,
Baltimore, Maryland, for Appellants. Lynne A. Battaglia, United
States Attorney, Andrea L. Smith, Assistant United States Attorney,
M. Virginia Miles, Special Assistant United States Attorney, Balti-
more, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Michael Lones, John V. Baumgarten, Jr., Anthony Q. Baumgarten,
and John V. Baumgarten, Sr. appeal their convictions and sentences

2

for conspiracy to distribute and to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (1994). Each Appellant raises numerous claims. Finding no error, we affirm.

I.

First, Appellants claim that the district court improperly admitted hearsay by coconspirators. To admit a coconspirator's out-of-court statement under Fed. R. Evid. 801(d)(2)(E), the Government must demonstrate the existence of the conspiracy by evidence extrinsic to the hearsay statements. See United States v. Stroupe, 538 F.2d 1063, 1065 (4th Cir. 1976). Without identifying specific statements, Appellants contend that the only non-hearsay evidence supporting a conspiracy was either coconspirator testimony or independent evidence of a non-incriminating nature. According to Appellants, absent further corroborating evidence, the hearsay statements, which were offered through coconspirator witnesses, were inadmissible.

Appellants' argument evinces a misunderstanding of the rule. While corroboration is required for the admission of coconspirator hearsay, direct testimony at trial is extrinsic to the hearsay statements, even if that testimony is given by coconspirators. See United States v. Portela, 167 F.3d 687, 703 (1st Cir.), cert. denied, 68 U.S.L.W. 3232 (U.S. Oct. 4, 1999) (No. 99-5795). In addition, Appellants also admit that there was independent evidence which although not incriminating on its face tended to further corroborate the in-court testimony and out-of-court hearsay showing that the Baumgartens ran an extensive cocaine distribution operation. Furthermore, even if certain statements were inadmissible, the extensive testimony by coconspirators as to their personal observations rendered any such statements cumulative. Thus, the admission of these statements, if error at all, was merely harmless. See United States v. Ince , 21 F.3d 576, 582 (4th Cir. 1994) (providing standard).

II.

Appellants next contend that the district court erroneously admitted evidence of other crimes allegedly committed by them. Over objection, the district court admitted evidence of: (1) a drug conspiracy which included the Baumgartens that existed prior to the charged date

of the instant conspiracy; (2) John, Sr.'s prior conviction and his successful scheme to have a witness perjure himself at John, Sr.'s previous trial; (3) the Baumgartens' plan to have a Government witness killed so that he would not testify against them; (4) a post-conspiracy drug transaction between Luke and Lones; and (5) the fact that Lones met John, Sr. in prison. Appellants claim that admission of this evidence violated Fed. R. Evid. 404(b).

This court reviews the district court's decision to admit evidence of bad acts under Rule 404(b) for abuse of discretion. See United States v. Mark, 943 F.2d 444, 447 (4th Cir. 1991). Rule 404(b) decisions are not reversed unless they are "arbitrary or irrational." United States v. Powers, 59 F.3d 1460, 1464 (4th Cir. 1995). Rule 404(b) provides for exclusion of prior bad acts evidence that is relevant only to the issue of character. It does not require exclusion of evidence offered to establish opportunity, motive, intent, preparation, plan, knowledge, identity, or absence of mistake. See Fed. R. Evid. 404(b); United States v. Bailey, 990 F.2d 119, 122 (4th Cir. 1993).

First, the drug activity prior to the start of the charged conspiracy provided the context for the instant crime and explained the relationships between the various co-conspirators. See United States v. McMillon, 14 F.3d 948, 955 (4th Cir. 1994) (evidence is admissible if it helps explain how the illegal relationship between the participants developed). In addition, the district court gave limiting instructions to the jury with reference to these drug transactions, repeatedly reminding the jury that the Defendants were not charged with these crimes. Second, evidence of John, Sr.'s prior conviction was merely cumulative to the other evidence of prior drug activity. In addition, it explained John, Sr.'s absence for a period of time while John, Jr. and Anthony ran the "business." Moreover, the evidence of John, Sr.'s subornation of perjury at his previous trial illuminated the relationship between John, Sr. and the Government witness, who was a member of the conspiracy. In addition, it provided a context for the continued harassment by the Baumgartens of potential witnesses and was relevant to prove John, Sr.'s knowledge and intent.

Third, the scheme between John, Jr., Tony, and John Luke to have a Government witness killed was an act in furtherance of the conspiracy. Thus, it was not Rule 404(b) evidence. See United States v. Chin,

4

83 F.3d 83, 88 (4th Cir. 1996) (stating that in a drug conspiracy, conversations regarding murder-for-hire were intrinsic to the alleged crime and thus were excludable under Rule 404(b)). Fourth, the post-conspiracy cocaine deal (a controlled buy) between Lones and Luke was offered for the purpose of establishing Lones' identity and illustrating the close relationship Lones had with the Baumgartens.

Finally, the evidence that Lones was in prison was inadvertently elicited during direct examination of John, Sr. The court gave an immediate limiting instruction, stating that the jury should draw no conclusions as to where Lones was in 1988 and that the only point of the question was to establish when John, Sr. and Lones met. Because the court's instruction dissipated any potential prejudice, the district court's failure to grant a mistrial after this testimony was not "arbitrary or irrational." Based on the foregoing, we find that the district court did not abuse its discretion in admitting the evidence of prior bad acts.

III.

All four defendants allege prejudice in being tried with each other. Lones asserts that the vast majority of the evidence concerned only the Baumgartens and that he was prejudiced by the jury's exposure to innumerable details that were unrelated to him. John, Sr. contends that he was prejudiced by admission of the post-indictment drug transaction between Lones and Luke and the plot by Luke, John, Jr., and Anthony to kill a federal witness. Finally, John, Jr. and Anthony argue that they were prejudiced by admission of John, Sr.'s prior conviction and evidence regarding Lones.

Federal Rule of Criminal Procedure 14 allows the court to sever a defendant for trial if it appears that the defendant is prejudiced by joinder and justice requires such action. However, the mere showing of prejudice does not necessitate severance. See Zafiro v. United States, 506 U.S. 534, 538-39 (1993). Once charges against multiple defendants are joined, the decision to sever a trial lies within the trial court's sound discretion, and its decision will not be overturned absent an abuse of that discretion. See United States v. Haney, 914 F.2d 602, 606 (4th Cir. 1990). A refusal to sever constitutes an abuse of discretion only where it deprives a defendant of a fair trial and

5

results in a miscarriage of justice. See United States v. Chorman, 910 F.2d 102, 114 (4th Cir. 1990). Severance is usually not granted when there was an alleged criminal conspiracy among the defendants. See Haney, 914 F.2d at 606; United States v. Parodi, 703 F.2d 768, 779 (4th Cir. 1983).

Regarding Lones, we have previously held that severance will not be granted when the claim is based on the disparity between the evidence against different defendants absent a "strong showing of prejudice." Chorman, 910 F.2d at 114. Disparity in the evidence introduced against different parties is a proper ground for severance only in "the most extreme case." United States v. Mitchell, 733 F.2d 327, 331 (4th Cir. 1984). While most of the evidence adduced at trial centered on the Baumgartens, much of it would still have been admissible against Lones since all defendants were charged as members of the same conspiracy. Therefore, because Lones does not show that his is an exceptional case where the jury would be unable to compartmentalize the evidence and consider each defendant separately, we hold that the district court did not abuse its discretion in denying Lones' motion for severance.

The Baumgartens' case is much weaker. The majority of the evidence of which they complain would have been admissible, even in separate trials, as acts done in furtherance of the conspiracy. To the extent certain evidence would have been excluded had the Baumgartens been tried separately, the district court gave repeated limiting instructions. In addition, the evidence was overwhelming against each of the Baumgartens, and so, they are unable to show any prejudice from their joint trial.

IV.

Appellants next allege that the denial of their motion for a continuance prevented them from adequately preparing a defense because their expert did not have sufficient time to prepare. We find that the district court properly balanced the defense's needs with the interests of the Government and the witnesses in commencing an already long-delayed trial. Thus, the district court did not abuse its discretion. See Franken v. United States, 248 F.2d 789 (4th Cir. 1957) (standard of review). In addition, Appellants have failed to make a particularized

6

showing of prejudice. Thus, any error in denying a longer continuance was harmless. See Fed. R. Crim. P. 52(a).

V.

Appellants next argue that the Government violated 18 U.S.C. § 201(c)(2) (1994), by offering lenient plea bargains and/or money to cooperating co-conspirators. This argument was definitively rejected by United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, ___ U.S. ___, 2000 WL 12507 (U.S. Jan. 10, 2000) (No. 99-7186), which held that § 201(c)(2) does not apply to government officials acting pursuant to statutory authority. As such, this claim is meritless.

VI.

Appellants next argue that the Government committed prosecutorial misconduct by threatening defense witnesses with prosecution and asking improper questions. Prior to trial, Appellants informed the trial court and the Government of their intention to call several witnesses, including Joseph Brady, Danny Miller, and Robert C. Nokes. Brady and Nokes appeared with counsel and repeatedly asserted the Fifth Amendment privilege against self-incrimination. Miller was never called by the defense.

Various types of governmental and judicial interference have been found to deprive the criminal defendant of the right to present his own witnesses to establish a defense. See Webb v. Texas, 409 U.S. 95, 98 (1972) (defense witness effectively driven off witness stand by remarks of trial judge regarding penalties for perjury); United States v. MacCloskey, 682 F.2d 468, 479 (4th Cir. 1982) (U.S. Attorney telephoned defendant's girlfriend's attorney to advise him to remind his client that if she testified at trial she could be reindicted on dropped charges). However, it is not improper per se for a prosecuting attorney to advise prospective witnesses of the penalties for testifying falsely or the ramifications of incriminating oneself. See United States v. Teague, 737 F.2d 378, 384 (4th Cir. 1984).

After a close review of the record, we find that the actions by the Government stayed well within acceptable limits in warning potential

witnesses of the possible ramifications of testifying. In addition, other than wanting to give their "confederates an immunity bath," Appellants have shown no basis to justify a grant of immunity to their witnesses. See In re Kilgo, 484 F.2d 1215, 1222 (4th Cir. 1973). Because the prosecutor's conduct gave rise to no legitimate constitutional complaint, Appellants are not entitled to relief.

Next, Appellants assert that the Government erred by asking a defense expert whether money lent to the Baumgartens from family members could have initially belonged to the Baumgartens. That is, the Government asked if the family members could have been involved in a money laundering scheme. In addition, the Government asked John, Sr. on cross examination the whereabouts of one of his relatives who had lent him money. The district court gave remedial instructions to the jury after each of these incidents, stating that the burden of proof remained with the Government and that there was no evidence that the Baumgartens had given their relatives money that was then loaned back to them.

In order to sustain a claim of prosecutorial misconduct, Appellants must show improper remarks by the Government that prejudicially affected Appellants' substantial rights. See United States v. Curry, 993 F.2d 43, 45 (4th Cir. 1993). Based on the limiting instructions and the overwhelming evidence in this case, even if the Government's questions were improper, we hold that Appellants were not prejudiced.

VII.

John, Sr. alleges error in a four level role enhancement as an organizer or leader under U.S. Sentencing Guidelines Manual § 3B1.1 (1997). John, Jr., challenges his three level role enhancement as a manager or supervisor under § 3B1.1. The determination that the defendant played an aggravating role in the offense is essentially a factual question reviewable for clear error. See United States v. Sheffer, 896 F.2d 842, 846 (4th Cir. 1990).

John, Sr. argues that the evidence against him by cooperating coconspirators was uncorroborated. However, this evidence was

8

accepted by the jury, and thus, the use of the same evidence to determine John, Sr.'s role in the offense was not clear error.

John, Jr. contends that he, at most, recruited people for the conspiracy and let people store drugs at his home. He asserts that this was not sufficient for a role enhancement. However, Luke testified that John, Jr. fronted him money to secure cocaine for the conspiracy, shared in the profits, plotted with Luke and Anthony to kill a government witness, and instructed various members of the conspiracy. Thus, we find that the district court's leadership enhancements were not clearly erroneous.

VIII.

Finally, John, Sr. challenges the district court's enhancement for obstruction of justice. The district court enhanced John, Sr.'s sentence, because it found that John, Sr. committed perjury during his trial. The enhancement for obstruction of justice may properly be based on perjurious testimony. See USSG§ 3C1.1, comment. (n.3) (1997). At sentencing in the present case, the district court pointed out two specific instances of perjury and expressly found that John, Sr.'s testimony was false, deliberate, and material. These findings were sufficient as a matter of law to support the enhancement and were not clearly erroneous. See United States v. Castner , 50 F.3d 1267, 1279 (4th Cir. 1995).

Consequently, we affirm Appellants' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

9